**Charles Gary JOHNSTON, Plaintiff,**

v.

**ALABAMA PARDON AND PAROLE BOARD et al., Defendants.**

Civ. A. No. 81–474–N.

United States District Court,
M. D. Alabama, N. D.

Jan. 18, 1982.

Charles Gary Johnston, pro se.

Charles Graddick, Atty. Gen., Richard N. Meadows, Asst. Atty. Gen., Montgomery, Ala., for defendants.

MEMORANDUM OPINION

HOBBS, District Judge.

The above styled cause is now before the Court on defendants' motion for summary judgment, filed herein October 7, 1981. Defendants have submitted an affidavit and a certified copy of records in support of their motion for summary judgment. Plaintiff has submitted a sworn response in opposition to defendants' motion. Upon careful consideration of defendants' motion, the Court is of the opinion that defendants' motion for summary judgment is due to be granted.

Plaintiff, an inmate who is proceeding pro se, filed this 42 U.S.C. Sec. 1983 action against the State of Alabama Board of Pardons and Paroles and the individual members of the Board alleging that defendants violated his constitutional rights in refusing to grant him a hearing and by denying his parole. Plaintiff also alleges that another inmate serving a life sentence and with a prior escape on his record was paroled and plaintiff was denied parole. Defendants have submitted the affidavit of David H. Williams, Executive Director of the Board of Pardons and Paroles, in which Mr. Williams states that plaintiff has been set for parole consideration several times, but due to prison disciplinary infractions plaintiff has been denied parole and reset for parole consideration. Defendants have also submitted a certified copy of the Board record indicating various reasons for plaintiff's parole denial. Defendants contend that plaintiff is not entitled to the constitutional protections of due process in regard to consideration for parole since Alabama law does not create an expectancy of release. Plaintiff has responded to defendants' motion by generally refuting defendants' contentions.

The issue of an inmate's entitlement to the constitutional protections of due process in regard to consideration for parole was addressed by the United States Supreme Court in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The Supreme Court in *Greenholtz* held that a statutory provision that holds out the

mere possibility of parole does not create a liberty interest entitled to the protection of due process. *Id.* at 11, 99 S.Ct. at 2105–06. In that case, however, the Supreme Court found that the unique structure and language of the Nebraska parole statute provided an expectation of parole sufficient to create a liberty interest entitled to constitutional protection. *Id.* at 12, 99 S.Ct. at 2106. Since the Supreme Court emphasized the unique structure and language of the Nebraska statute and the need for a case by case analysis of whether other state parole statutes provide a protectible entitlement, the task now before the Court is to compare the features of the Nebraska statute with those of its Alabama counterpart.

The Nebraska parole statute requires that the Board of Parole order an eligible prisoner's release unless it finds one of four specific reasons to deny release. Section 83–1,114(1) of the Nebraska Revised Statutes provides:

> Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it shall order his release unless it is of the opinion that his release should be deferred because:
>
> (a) There is a substantial risk that he will not conform to the conditions of parole;
>
> (b) His release would depreciate the seriousness of his crime or promote disrespect for the law;
>
> (c) His release would have a substantially adverse effect on institutional discipline; or
>
> (d) His continued correctional treatment, medical care, or vocational or other training in the facility will substantially enhance his capacity to lead a law-abiding life when released at a later date.

The Alabama Parole statutes, on the other hand, are substantially different from the Nebraska statute scrutinized in *Greenholtz.* Section 15–22–26 of the Alabama Code provides in part:

No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board of pardons and paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society.

In addition, Section 15–22–28(d) of the Alabama Code provides in part:

> No prisoner shall be released on parole except by a majority vote of the board, nor unless the board is satisfied that he will be suitably employed in self-sustaining employment or that he will not become a public charge if so released.

The Alabama statutes dealing with the standards for release of prisoners on parole emphasize a number of subjective factors that must be considered before a prisoner is granted parole. These subjective factors include the probability that the prisoner will not again violate the law, whether the prisoner's release is not incompatible with the welfare of society, and whether the prisoner will be able to find suitable employment and not become a public charge if released.

█ The language of the Alabama parole statutes is similar to the Texas statute [1] examined in *Williams v. Briscoe,* 641 F.2d 274 (5th Cir. 1981) and the Georgia statute [2] reviewed in *Houser v. Morris,* 518 F.Supp. 873 (N.D.Ga.1981). In both of those cases the courts distinguished the states' parole statutes from the Nebraska statute reviewed in *Greenholtz* and found the Texas and Georgia parole statutes to hold out no expectation of parole. The Alabama statutes, as the Texas and Georgia parole statutes, do not contain any language similar to that in the Nebraska statute, which mandates parole unless one of four exceptions arises. Consequently, this Court finds that the Alabama statutes dealing with parole hold out no expectation of parole and there-

---

1. Tex.Code Crim.Proc. Art. 42.12 §§ 14A(e), 15(a), 15(f) (Vernon 1979).

2. Ga. Code Ann. § 77–514 (1973).

fore do not create a liberty interest entitled to the protection of due process.

Plaintiff has also alleged that he was deprived of his right to equal protection of the law because another inmate serving a life sentence and with a prior escape on his record was paroled and plaintiff was denied parole. Defendants have responded to plaintiff's contention by submitting an affidavit and a certified copy of a Board of Pardons and Paroles record which show that plaintiff has been set for parole consideration several times, but due to prison disciplinary infractions plaintiff has been denied parole and reset for parole consideration.

Absent a showing of arbitrary or capricious action, the Court will not intervene in the discretionary power vested in the Board of Pardons and Paroles. *See generally Tarlton v. Clark,* 441 F.2d 384 (5th Cir.), *cert. denied,* 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971). In this case plaintiff has offered no evidence of arbitrary or capricious action other than the bare allegation that an inmate with a similar record was paroled and plaintiff was not. Defendants, on the other hand, have offered an affidavit and copy of an official record showing specific grounds, such as failure to adjust in prison and protest, for denying plaintiff's parole. The reasons for denying plaintiff parole cited in the official record are certainly valid grounds under the discretionary authority granted the Board of Pardons and Paroles under Alabama law. Consequently, the Court finds that plaintiff's claim that he was deprived of his right to equal protection of the law when he was denied parole is without merit.

The Court recognizes that plaintiff is proceeding pro se and that his pleadings are to be liberally read. See *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Nevertheless, since the Court finds that the Alabama parole statutes create no expectation of release and that plaintiff has failed to show arbitrary or capricious action by the Board of Pardons and Paroles, plaintiff's due process and equal protection claims are totally without merit and de-

fendants' motion for summary judgment is due to be granted.

An order will be entered in accordance with this memorandum opinion.