Henry Gaines filed a Petition for Writ of Habeas Corpus in the Circuit Court of Escambia County, asserting that he was in the care and custody of the Alabama State Penal Authorities, being held at Fountain Correctional Center. Gaines asserted that his continued imprisonment was in violation of "due process of law" in that he had not been afforded a "parole hearing" which he maintained should have been held on or about July 25, 1981. *Page 2 
The Circuit Court of Escambia County denied the habeas corpus petition without conducting a hearing thereon, based upon a motion to dismiss filed on behalf of the respondent warden by the District Attorney of said county. Among the grounds asserted in the respondent's motion was that a Petition for Writ of Habeas Corpus in state court cannot be used as basis for "consideration by an inmate for parole."
The circuit court granted the motion and denied the habeas corpus petition but allowed Gaines to appeal to this court in forma pauperis.
 I
The issue thus raised by this appeal presents for the first time in the Alabama State Appellate Courts the issue of whether or not the statutes of the State of Alabama with reference consideration of parole create a "liberty interest" within the meaning of the recent United States Supreme Court opinion inGreenholtz v. Nebraska, 442 U.S. 1, 99 S.Ct. 2100,60 L.Ed.2d 668 (1979).
In opposing the inmate's petition, the State of Alabama in brief cites this court to the more recent opinion of the United States Supreme Court in Connecticut v. Dumschat, 452 U.S. 458,101 S.Ct. 2460, 69 L.Ed.2d 158 (1981) and the opinion of the United States Court of Appeals for the 5th Circuit, construing the Texas Statutes in Williams v. Briscoe, 641 F.2d 274 (1981) and the opinion of Judge Truman Hobbs of the Middle District of Alabama construing the Alabama Statutes in Johnston v. Alabama,530 F. Supp. 589 (1982).
The Alabama Statute under which the appellant seeks his release is § 15-22-26, Code of Alabama 1975 and § 15-22-28 (d), which sections read as follows:
 "§ 15-22-26. Standards for release of prisoners on parole.
 "No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board of pardons and paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe, but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until he is fully pardoned. (Acts 1939, No. 275, p. 426; Code 1940, T. 42, § 7; Acts 1951, No. 599, p. 1030.)" "§ 15-22-28. Investigation for parole; cooperation with board of corrections; temporary leave; restrictions on paroling; minimum sentence to be served prior to eligibility for parole.
. . . . .
 "(d) No prisoner shall be released on parole except by a majority vote of the board, nor unless the board is satisfied that he will be suitably employed in self-sustaining employment or that he will not become a public charge if so released. The board shall not parole any prisoner for employment by any official of the state of Alabama, nor shall any parolee be employed by an official of the state of Alabama and allowed to remain on parole; provided, however, that this provision shall not apply in the case of a parolee whose employer, at the time of the parolee's original employment, was not a state official."
In construing the above statutes, Judge Hobbs in Johnston v.Alabama, supra stated:
 "The Alabama statutes dealing with the standards for release of prisoners on parole emphasize a number of subjective factors that must be considered before a prisoner is granted parole. These subjective factors include the probability that the prisoner will not again violate the law, whether the prisoner's release is not incompatible with the welfare of society, and whether the prisoner will be able to find suitable employment and not become a public charge if released. *Page 3 
"[1] The language of the Alabama parole statutes is similar to the Texas statute[1] examined in Williams v. Briscoe, 641 F.2d 274 (5th Cir. 1981) and the Georgia statute[2] reviewed in Houser v. Morris, 518 F. Supp. 873 (N.D.Ga. 1981). In both of those cases the courts distinguished the states' parole statutes from the Nebraska statute reviewed in Greenholtz and found the Texas and Georgia parole statutes to hold out no expectation of parole. The Alabama statutes, as the Texas and Georgia parole statutes, do not contain any language similar to that in the Nebraska statute, which mandates parole unless one of four exceptions arises. Consequently, this Court finds that the Alabama statutes dealing with parole hold out no expectation of parole and therefore do not create a liberty interest entitled to the protection of due process."
Judge Joseph D. Phelps of the Circuit Court of Montgomery County, Alabama, reached a similar result in the case of Andrusv. Lambert, Montgomery Circuit Court No. CV-81-1074-P (January 1982).
This court is of the opinion that the views expressed by Judge Hobbs in construing the Alabama Statutes are correct. We are also of the view that Judge Phelps gave proper treatment to the case herein cited when he denied release.
These views find further support in the still more recent opinion of the Supreme Court of the United States in Jago v.Van Curen, construing the Ohio Statutes, ___ U.S. ___,102 S.Ct. 31, 70 L.Ed.2d 13 (1981).
We therefore hold that the Circuit Court of Escambia County properly denied the habeas corpus petition in the instant cause, without conducting a hearing thereon for the reasons hereinabove stated. This cause is therefore affirmed.
AFFIRMED.
All the Judges concur.
[1] Tex. Code Crim.Proc. Art. 42.12 §§ 14A (e), 15 (a), 15 (f) (Vernon 1979).
[2] Ga. Code Ann. § 77-514 (1973).