TAYLOR, Judge.
Dennis Lamar Bryant seeks a writ of habeas corpus, his underlying complaint being that he has not been placed in the “work release” program. He contends that the work release rules have been changed since he was sentenced so as to make it harder to get on work release. The circuit court dismissed his petition without a hearing and without any response having been filed to it.
I
Appellant Bryant contends that the change in policies as to work release violates Article I, Section 10, of the United States Constitution, which says in pertinent part: “No state shall ... pass any ... ex post facto law.” Several federal cases have taken up the question of changes in administrative rules as affected by this constitutional provision. One of these cases, Roth v. United States Parole Commission, 724 F.2d 836 (9th Cir.1984), holds that the ex post facto clause applies to any law “which punishes as a crime an act previously committed which was innocent when done,” and further states that “[t]he purposes of the law are to provide fair warning about new punishments and to discourage arbitrary and oppressive legislation.” In this case, the liberal 9th Circuit reasoned that the United States Parole Commission’s guidelines were “merely procedural guideposts, without the characteristics of laws,” and that they could not be considered laws. The court went on to hold that the adoption of the new guidelines did not violate the ex post facto restriction, laws even though under the new guideline the defendant had to serve more time before getting parole than he would have had to serve under the old guidelines. Roth relies on Rifai v. Parole Commission, 586 F.2d 695 (9th Cir.1978).
Our Board of Corrections, pursuant to § 14-8-2, Code of Alabama 1975, is “authorized to adopt regulations and policies permitting the commissioner to extend the limits of the place of confinement of an inmate,” and is authorized to “adopt regulations as to the eligibility of those inmates.” We here hold that changes in work release regulations do not violate Article 1, Section 10, of the Constitution of the United States.
II
Appellant next urges that the Board of Corrections improperly relied upon his prior convictions for sex offenses in denying him a reduction to a less restrictive custody status; this, he says, denied him the equal protection of the laws guaranteed him by the Constitution. Section 14-8-2(b), Code of Alabama 1975, authorizes the Board of Corrections to adopt regulations as to the eligibility of those inmates chosen for an extension of confinement. By legislative pronouncement, inmates with sex related convictions are to be denied class 1 correctional incentive goodtime credits. Section 14-9-41, Code of Alabama 1975 (The Alabama Correctional Incentive Time Act).
The regulation which considers past sex related crimes in determining who should be eligible for work release status is certainly a reasonable regulation when considered in the light of legislative policy to the same effect.
III
Finally, the appellant contends that he has a liberty interest in work release status. The commissioner, under the work release law, has discretion to place inmates on work release. Section 14-8-2(a), Code of Alabama 1975, provides:
“The board is authorized to adopt regulations and policies permitting the commissioner to extend the limits of the place of confinement of an inmate, as to whom there is reasonable cause to believe he will know his trust, by authorizing him, under prescribed conditions, to leave the confines of that place unaccompanied by a custodial agent for a prescribed period of time to work at paid employment while continuing as an inmate of the institution or facility in *876 which he shall be confined except during the hours of his employment or seeking of employment and traveling thereto and therefrom. Inmates shall participate in paid employment at the discretion of the board.”
We have heretofore held that the Alabama parole statutes do not create a liberty interest entitled to protection under the due process clause of the U.S. Constitution, Amendment 14, or Alabama Constitution of 1901, Article I, § 6. Andrus v. Lambert, 424 So.2d 5 (Ala.Cr.App.1982), and cases cited therein. The court stated, through now-Presiding Judge Bowen:
“The right to a parole is a privilege granted by the people of Alabama to those committed to our penal institutions as punishment for crimes. Holley v. State, 397 So.2d 211, 216 (Ala.Crim.App.), cert. denied, 397 So.2d 217 (Ala.1981). Obtaining an early release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement. United States v. Chagra, 669 F.2d 241, 264 (5th Cir.1982).”
To the same effect is Gaines v. State, 415 So.2d 1 (Ala.Cr.App.1982), per Judge Tyson, which reviews the effect of the “liberty interest” cases on the Alabama parole statutes. We have considered Whitehorn v. Harrelson, 758 F.2d 1416 (11th Cir.1985), but do not find it factually applicable to the present case because it addresses “continued participation” in the work release program.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.