COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17,1995.
Joe Major, the appellant, filed a petition for a writ of certiorari with the Montgomery Circuit Court. In his petition, the appellant alleged that the Board of Pardons and Paroles improperly denied him parole. After holding a hearing on the petition, the trial court denied the petition.
The appellant contends that the Board’s denial of parole was arbitrary and capricious because, he says, the Board considered erroneous information. The following colloquy occurred during the hearing on the petition:
“THE COURT: Well, I am speaking a little [prospectively], but where I see this going, Mr. Brown, [defense counsel] as I understood it, none of the things you have told me about, all his certificates and his awards that he has received while he has been incarcerated, none of that has been presented to the Board; is that right?
“MR. BROWN [defense counsel]: Yes, sir, that’s correct.
“THE COURT: In addition to the memo here that indicated some of these eases may have either been nol-prossed or no-billed for whatever reason, the Board has not had the ability to even review this memorandum? They have just had records of arrests that have been reported, I presume; is that correct?
“MR. BROWN: That’s correct.
“THE COURT: Until this memo was generated and it was reviewed?
“MR. DAVIS [counsel for Board of Pardons and Paroles]: Each of these charges was listed in the pre-sentence investigation, but the way it was listed, it was rather ambiguous in my eyes as to how many separate incidents there were, as to whether each one of these charges was a separate incident. As it turns out in several cases, two or three charges came out of a single incident.
“THE COURT: It certainly appears as though there is some information that the parole board would consider significant in deciding whether or not Mr. Major would be entitled to parole. But I don’t know that the posture in which you have it right now — if this information has not been presented to the Board, I don’t know that I can — I certainly think I am restrained in ruling that they have acted arbitrarily when they may not have had the benefit of that information for whatever reason. The point I am trying to get to is this, and I want to ask Mr. Davis if he can do it. Is there a way this can be scheduled for a hearing prior to the August ’94 setting to give Mr. Major an opportunity to present all this information? Can you do that without an order from me?
“MR. DAVIS: Yes, sir.
“THE COURT: Does that satisfy you, Mr. Brown?
“MR. BROWN: Yes, sir.
“THE COURT: I want the two of y’all to talk as soon as we finish here. Mr. Davis, whatever you have to do to make your communication, you see if that can be done. But I would certainly think that *54 giving him an opportunity to present this information so the parole board can act in an informed fashion as to this new information and make an informed decision about this case, that would be how I prefer it works out. I think under probably the rules of your agency will be the best way for this to be handled. See if you can by mutual agreement get a date set earlier and allow Mr. Major to present all this evidence to the Board for their consideration. I think it may be a little premature in where we are in the Court’s involvement, but I would like the Board to have the benefit of that information before I review it.
“MR. BROWN: Thank you, Judge.
“THE COURT: Does that satisfy y’all?
“MR. BROWN: Yes, sir.
“THE COURT: Mr. Brown, I am going to let you keep these exhibits, because you will need them. What I think I am going to do as far as our case file, how long is it going to take you to notify me when you have a hearing set? When do you think you can have a date set?
“MR. DAVIS: I am not sure what the Board’s docket looks like today, but if they are not too busy, if it is convenient for Mr. Brown, it might be good to get him before them today to save him a trip. I can’t guarantee that.
“THE COURT: If you can do it today, that will be fine.”
(R. 15-19.) This hearing was held on March 15, 1993. A notation on the case action summary sheet reads, “Ordered that telephone conference regarding status of the above-styled case shall be conducted on 6/22/93.” (R. 2.) We are unable to determine from the record if the telephone conference occurred and, if so, whether the matters discussed at the hearing were addressed. Counsel who represented the appellant at the hearing made a motion to withdraw from representation on September 8,1993. There is no indication on the case action summary sheet and we can find no place in the record indicating that the trial court acted on that motion. However, all other pleadings filed after that date were filed by the appellant. On May 26, 1994, the trial court issued the following order:
“Upon consideration of the pleadings and responses of the parties in this case, the Court enters this Order dismissing this action because the Plaintiff has no right to a review of the Parole Board’s decision since the Alabama Parole statutes hold out no expectation of parole and creates no liberty interest in parole. Johnston v. Alabama Pardon and, Parole Board, 530 F.Supp. 589, 590-91 (1982). Absent a showing of arbitrary or capricious action, the Court will not intervene in the discretionary power vested in the Board of Pardons and Paroles. Id. at 591.”
(R. 123.)
In Monroe v. Thigpen, 932 F.2d 1437, 1441-42 (11th Cir.1991), the Eleventh Circuit stated:
“It is true that the Alabama parole statute is framed in discretionary terms and therefore does not confer a liberty interest in parole. Ala.Code, § 15-22-26 (1975); Thomas [v. Sellers ], 691 F.2d [487] at 489 [ (11th Cir.1982) ]. Nevertheless, this discretion is not unlimited. A parole board may not engage in ‘flagrant or unauthorized action.’ Thomas, 691 F.2d at 489. Section 15-22-26 cannot be read as granting the Board the discretion to rely upon false information in determining whether to grant parole. Therefore, by relying on the false information in Monroe’s file, the Board has exceeded its authority under section 15-22-26 and treated Monroe arbitrarily and capriciously in violation of due process. Thomas, 691 F.2d at 489.”
In Hill v. State, 594 So.2d 246 (Ala.Crim. App.1992), this court had the opportunity to examine the holding in Monroe. Judge Patterson, writing for the court, stated:
“In ordering that the defendants expunge the false information from the petitioner’s prison records, the Monroe court focused on two crucial considerations: the defendants had admitted that the statements were indeed false and state officials had specifically relied upon them, at least *55 in part, in classifying him and in denying him parole.”
594 So.2d at 248.
In this case, the State admitted that the arrest records of the appellant were, at least, misleading and the trial court felt that the Board may have acted on incorrect information concerning the arrest record of the appellant. It seems that the Board of Pardons and Paroles relied, at least in part, on the arrest records in denying the appellant parole. It appears from the record that the trial court was trying to get the appellant another parole hearing before it ruled on the petition for a writ of certiorari. However, we are unable to discern from the record whether such a hearing was ever held or whether the trial court determined that the arrest records the Board considered were, indeed, correct.
Therefore, this cause is remanded with directions to the trial court to conduct a hearing to determine whether the Board of Pardons and Paroles relied on incorrect information in denying the appellant parole. Following the hearing, the trial court shall make written findings of fact with regard to this issue. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
REMANDED WITH INSTRUCTIONS. 
All the Judges concur.