**Abraham WALLACE, Petitioner,**

v.

**R. V. TURNER, Superintendent, Glades Correctional Institute, Respondent.**

**No. 81–467–Civ–SMA.**

United States District Court,
S. D. Florida,
Miami Division.

Oct. 30, 1981.

Abraham Wallace, pro se.

Steven R. Jacob, Asst. Atty. Gen., Miami, Fla., for respondent.

## ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS

ARONOVITZ, District Judge.

Abraham Wallace has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254, attacking his conviction in the Eleventh Judicial Circuit of Dade County, Florida on February 14, 1978. Petitioner received two concurrent sentences of fifteen (15) years following pleas of nolo contendere to the crimes of aggravated battery and second degree murder. Petitioner is currently in the custody of the Respondent.

As the grounds upon which he seeks relief, Petitioner alleges the following:

1. That Petitioner did not agree to plead guilty to the charge of aggravated battery and that there was no factual basis to support a plea to the charge; and

2. That his convictions were in violation of due process because the Court accepted the plea to the second degree murder charge while stating that the facts only supported a conviction for manslaughter.

The transcript of the plea hearing which took place on February 14, 1978 indicates that the Petitioner's defense attorney stipulated to the facts in support of a prima facie case of guilt on both counts. (R. 2). The prosecutor then made a proffer of the facts. (R. 3–5). Although the trial court allowed the Petitioner to plead in accordance with the manslaughter charge, the court did not reduce the charge from the second degree murder charge in the infor-

mation. (R. 8). The court found that the facts supported a charge finding of manslaughter and aggravated battery, but not second degree murder. (R. 6). The court then inquired as to the Petitioner's understanding of the consequences of the plea. (R. 9). The Petitioner stated that he understood that he would receive a sentence of fifteen years. (R. 9). The court determined that the plea was entered voluntarily and with an understanding of the nature of the plea and with the assistance of counsel. (R. 10). Petitioner was also informed of his constitutional rights that he waived by the plea. (R. 11).

The factual basis for the pleas proffered to the court, established that the Petitioner was baby-sitting for the victim, a two and one-half year old child. (R. 3). Petitioner admitted that he spanked the child with an electric cord and pushed her strenuously. Medical examiners established the cause of death as cerebral injuries due to multiple blunt impacts to her head. (R. 4). Petitioner's counsel stipulated that the information stated a prima facie case as to both counts. (R. 2).

While these facts support a conviction for manslaughter, pursuant to Fla.Stat. § 782.-07, the conviction was entered for second degree murder. The Court clearly explained to the Petitioner that it would sentence him in accordance with a manslaughter charge although the court had no power to reduce the second degree murder charge in the indictment. The sentence of fifteen years is within the maximum for manslaughter, a felony of the second degree. Fla.Stat. § 775.082(3)(c).

Although the factual situation presented to this Court appears unusual, careful review of the plea transcript indicates that the Petitioner was fully aware of the situation when he entered his plea. He stated that he understood the proceedings as his attorney had explained to him. (R. 6). He testified that his attorney discussed the alternative courses of action prior to entering the plea. He was satisfied with this representation. (R. 10).

As his first claim for relief, the Petitioner attacks his conviction for aggravated battery on the grounds that he did not agree to plead guilty to the charge of aggravated battery, and that there was no factual basis to support a plea to the charge. He further claims that aggravated battery is a lesser included offense to the charge of manslaughter, and that therefore he should not have been convicted of the two charges.

 The standard for determining the validity of a guilty plea (or a plea of nolo contendere) is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). As a general rule, a guilty plea, intelligently and voluntarily made, bars the later assertion of challenges to the pre-trial proceedings. *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975); *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

> A conviction after a plea of guilty normally rests on the defendant's own admission in open court that he committed the acts with which he is charged. *Brady v. United States, ante*, 397 U.S. at 748, 90 S.Ct. at 1468; *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). That admission may not be compelled, and since the plea is also a waiver of trial—and unless the applicable law otherwise provides, a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant—it must be an intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States, ante*, 397 U.S. at 748, 90 S.Ct. at 1468.

*McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1969).

 Petitioner's contentions regarding the validity of the plea are clearly refuted by the record before this Court. Again, Petitioner's trial attorney agreed that the information constituted a prima facie case as to both counts of the information. The prosecutor proffered that the victim's death was the result of child abuse. Her body showed new and old wounds. (R. 5). The information charges that the abuse of the victim by the Petitioner occurred over a period of time between December 6 and December 23, 1976. The trial court further explained to the Petitioner that his attorney had announced that he wished to withdraw the plea of not guilty and enter a guilty plea to the charges of aggravated battery and second degree murder. (R. 6). The Petitioner's contentions as to the validity of his plea are not supported by the record and the Petition must be DENIED in this respect.

 As to Petitioner's contention that aggravated battery as charged in this information is a lesser included offense to the charge of manslaughter, the Court likewise finds this claim clearly without merit. As set forth above, the information charging aggravated battery states that said violation occurred between December 6 and December 23, 1976 and the proffer submitted to the trial court supports the charge in that both fresh wounds and old wounds were found on the victim's body and a medical diagnosis of battered child syndrome was made at the time of the victim's death. (R. 4–5). The information charging second degree murder alleges that said violation was committed on December 22, 1976. The Court thereupon concludes and finds that the information *sub judice* charges separate offenses and that the state's proffer of evidence to the trial court is consistent with this finding. Thus, there has been no violation of the lesser included offense rule, § 775.021 *Fla.Stat.*, and Petitioner is entitled to no relief upon this ground.

 The Court next turns to the Petitioner's claim that his manslaughter conviction is violative of the due process clause of the Fourteenth Amendment because the trial court accepted his *nolo contendere* plea to the second degree murder charge while stating that the facts supported only a conviction for manslaughter. Although appar-

ently not contesting the voluntariness of this plea, Petitioner contends that he has been prejudiced in that the Florida Parole Commission has established a presumptive parole date for Petitioner using second degree murder as the offense characteristic rather than manslaughter, resulting in an additional period of confinement prior to possible parole. On Respondent's behalf, the state concedes that, as a practical matter, the Petitioner would have received an earlier presumptive parole date for manslaughter than he would for second degree murder, although the state has not been able to ascertain the exact period of delay entailed. The state contends, however, that inasmuch as there is no federal constitution right to parole, this Court is precluded from considering the issue. The Court agrees with Respondent's contention that there is no federal constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The Court also concurs with the state's further assertion that the fact that the Petitioner's time in prison may exceed the amount of time envisioned by the sentencing court does not merit habeas corpus relief. *Bachman v. Jeffes,* 488 F.Supp. 107 (M.D.Pa. 1980). However, this neither precludes nor concludes the Court's inquiry into this matter. For while there is no absolute right to parole, there is a right to a proper consideration for parole. *Moore v. Florida Parole and Probation Commission,* 289 So.2d 719 (Fla.1974). The paroling authority is required to comply with constitutional requirements and cannot determine eligibility for parole on illegal or improper grounds. *Id.* at 720.

■■■ It is apparent on the face of the record that the trial court made a finding of guilt, adjudicated and sentenced the Petitioner for manslaughter although the information charged second degree murder, to which Petitioner proffered a plea of *nolo contendere.*\* One cannot be charged with one offense and convicted of another, even though offenses are closely related or of the same general character. The judgment of guilt must conform to the offense for which the plea was proffered and one cannot plead guilty for one offense and be adjudicated guilty of another. *Perkins v. Mayo,* 92 So.2d 641 (Fla.1957). Since the record demonstrates adjudication in violation of this basic tenet, it is obvious that the Florida Parole Commission may not properly consider a conviction for second degree murder in determining Petitioner's eligibility for parole. To do so would clearly violate Petitioner's due process right to a proper consideration for parole. *See, e. g., Moore, supra.* Inasmuch as the Court has determined that Petitioner has shown resulting prejudice to him, the Court thereupon concludes and determines that Petitioner is entitled to relief upon his claim of due process violation.

Thereupon, in accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus is hereby GRANTED IN PART AND DENIED IN PART as follows:

1. Said Petition is hereby GRANTED insofar as it seeks relief from conviction upon a charge of second degree murder. Within 30 days herefrom, said judgment of conviction shall be modified to conform to the trial court's proper finding and sentencing of Petitioner as guilty to a charge of manslaughter; or, in the alternative, said judgment of conviction shall be vacated as to the count of second degree murder only, and Petitioner shall be permitted to enter a new plea.

2. In all other respects, said Petition is hereby DENIED. It is

---

\* Judgment of conviction was entered upon the charge of second degree murder, which charge the state refused to reduce to manslaughter, notwithstanding the trial court's findings as set forth in the record of proceedings. Thus the Parole Commission was required to use the second degree murder conviction in computa-

tion of the presumptive parole date. Petitioner alleges a resulting delay in presumptive parole date of fifty-nine months, which the state in its Supplemental Memorandum does not refute but rather concludes that the exact period of delay could not be determined.

FURTHER ORDERED AND AD-JUDGED that Petitioner's pending Motions in this cause for Default and to Strike Respondent's Response to Order to Show Cause are hereby DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of October, 1981.