Edward S. BRAXTON

v.

Commissioner JOSEY, et al.

Civ. No. Y–83–1440.

United States District Court,
D. Maryland.

July 27, 1983.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Petitioner Edward Braxton filed this suit pursuant to 42 U.S.C. § 1983 alleging that defendants' decision to deny him parole violated his constitutional rights. Named as defendants are Hearing Officer Thomas Pennewell and Commissioners George Care and Leronia Josey. In his complaint petitioner requested that this Court remand his "case for a rehearing in accordance with the law." By order of April 25, 1983, the Court stated that:

Although petitioner filed his complaint pursuant to 42 U.S.C. § 1983, the Court will construe the complaint as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 since petitioner is challenging the length of his confinement and seeks speedier release from incarceration. *See Preiser v. Rodriguez,* 411 U.S. 475, 490–94 [93 S.Ct. 1827, 1836–1838, 36 L.Ed.2d 439] (1973); *Gardner v. McCarthy,* 503 F.2d 733, 734 (9th Cir.1974).

The Fourth Circuit's recent decision in *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983), provides further support for the Court's treatment of petitioner's complaint as a petition for a writ of habeas corpus.

As an initial matter, the Court notes that there is no exhaustion problem in this case since Maryland does not provide for judicial review of decisions to deny parole. The Maryland parole statute states that the decision of the Maryland Parole Commission "shall be final." Md.Code Art. 41, § 114(e)(2). Thus, since petitioner does not have any available state remedies, he may properly present his petition to this Court. 28 U.S.C. § 2254(b) (no exhaustion required where there is "an absence of available State corrective process").

Petitioner alleges six reasons why the decision to deny him parole violated his constitutional rights. In its answer, the State of Maryland denies that any of petitioner's rights were violated. The papers filed by the petitioner and the State adequately cover the issues raised by the petition and reveal that a hearing would not aid the decisional process. Rule 8(a), Rules Governing Section 2254 Cases in the United States District Court, 28 foll. U.S.C. After thorough consideration of the papers filed by the petitioner and the State, the Court concludes that all reasons proffered by the petitioner are without merit and accordingly the petition will be dismissed.

Petitioner's first reason is that Hearing Officer Pennewell improperly cited Maryland's three time offender statute, Md. Code Art. 27, § 643B(c), in recommending that petitioner be denied parole. Although Pennewell's report does make reference to the fact that petitioner has been convicted of three major offenses, there is no indication whatsoever that Pennewell applied the three time offender statute. Moreover, that statute, by its very terms applies only to sentencing and thus it would have been illogical for Pennewell to apply it to the decision to deny parole to petitioner. In the absence of any indication that the statute was applied to petitioner, the Court concludes that petitioner's first reason is wholly without merit.

Petitioner's second reason is that by basing its decision to deny him parole on his past record the Maryland Parole Commission violated the Double Jeopardy Clause. It is well-settled, however, that the Double Jeopardy Clause is not implicated by a decision to deny parole. *See, e.g., Priore v. Nelson,* 626 F.2d 211, 217 (2d Cir.1980); *Averhart v. Tutsie,* 618 F.2d 479, 483 (7th Cir.1980); *Roach v. Board of Pardons and Paroles,* 503 F.2d 1367 (8th Cir.1974). In *Averhart,* the court stated:

The Double Jeopardy Clause protects a defendant in a criminal proceeding

against multiple punishment or repeated prosecutions for the same offense, *U.S. v. Dinitz,* 424 U.S. 600, 606, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976); its protections are not triggered by the denial of parole. Rather than constituting another punishment for the same offense, the denial of parole merely perpetuates the status quo: the prisoner remains incarcerated under a validly imposed sentence. *Roach v. Board of Pardons and Paroles,* 503 F.2d 1367, 1368 (8th Cir.1974); *Carlisle v. Bensinger,* 355 F.Supp. 1359, 1362 (N.D.Ill.1973). Indeed, in *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Supreme Court recognized that parole determinations must necessarily include the seriousness of the offense. *Id.* at 15, 99 S.Ct. at 2107.

■ Petitioner's third reason is that the Parole Commission applied an incorrect parole guideline. The guideline which petitioner says was applied is known as the "matrix system" which is set forth in Parole Commission Policy 2–7A. Since 2–7A states that "nothing in this policy is meant to limit the discretion of the Parole Commission in considering prisoners for parole release," application of 2–7A would not constitute a constitutional violation. *Cf. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (discretionary parole guidelines do not create a liberty interest for purposes of due process analysis). Furthermore, the Parole Commission, in affirming the recommendation to deny parole to petitioner, stated that petitioner's case "was not heard under Parole Commission policy 2–7A."

Petitioner's fourth and fifth reasons are that he was denied the right to review his pre-parole summary and his parole file. In *Paine v. Baker,* 595 F.2d 197, 200 (4th Cir. 1979), the Fourth Circuit held that prisoners do not have a constitutional right to access to their parole files. While *Paine* effectively disposes of petitioner's fourth and fifth

reasons, the Court takes note of the fact that the papers submitted by the State indicate that petitioner did in fact inspect his parole file on June 25, 1982.

■ Petitioner's final reason is that the decision to deny his parole was based on incomplete and inaccurate information. Petitioner made this same allegation to the Parole Commission and specified the information which he believed to be incomplete and inaccurate. The Parole Commission concluded:

> As to his sixth claim of incomplete and inaccurate information, being used by the Hearing Officer, the Panel finds no merit. The disputes raised by Mr. Braxton are of a relatively minor nature and do not significantly alter the facts in this case.

Based on the foregoing, even assuming that the information specified by petitioner was incomplete and inaccurate, it is clear that it was not relied on to a constitutionally significant degree and thus petitioner's final reason must be rejected. *Paine,* 595 F.2d at 201–02.

For the reasons stated herein, it is this 27th day of July, 1983, by the United States District Court for the District of Maryland, ORDERED:

That the petition BE, and the same IS, hereby DISMISSED.