The appellant, George W. Sloan, appeals the ruling of the Alabama Board of Pardons and Paroles denying him parole on his sentences for his 1986 convictions for rape, kidnapping, and two counts of sodomy. The appellant filed a petition for certiorari review with the Circuit Court for Montgomery County attacking the Board's decision. After the circuit court denied the writ, the appellant appealed to this court. § 12-3-9, Code of Alabama 1975.
The appellant's main contention is that he has a constitutionally protected due process right in obtaining parole.
The main question is whether the appellant was deprived of a liberty interest when parole was denied. The United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), has held that before an inmate may be deprived of a liberty interest he must be afforded certain due process rights.
The question then becomes what deprivation of rights involves a "liberty interest"?
 "The 'liberty interest' test consistently applied by the Court to inmate deprivation is as follows:
 " ' "[A]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242
[96 S.Ct. 2543, 2547, 49 L.Ed.2d 466] (1976). See also Vitek v. Jones, 445 U.S. 480, 493
[100 S.Ct. 1254, 1263, 63 L.Ed.2d 552] (1980).' "
Summerford v. State, 466 So.2d 182, 184 (Ala.Cr.App. 1985).
The United States Supreme Court in Greenholtz v. Inmates ofNebraska Penal Correctional Complex, 442 U.S. 1, 7,99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675 (1979), stated:
 "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. The natural desire of an individual to be released is indistinguishable from the initial resistance to being confined. But the conviction, with all its procedural safeguards, has extinguished that liberty right: '[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.' Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976)."
An inmate has no liberty interest in parole. Thus, no due process rights attach to the denial of parole. Hill v. State,594 So.2d 246 (Ala.Cr.App. 1992); Bryant v. State,494 So.2d 874 (Ala.Cr.App. 1986); Gaines v. State, 415 So.2d 1
(Ala.Cr.App. 1982). We note that due process rights do attach when parole is revoked. Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
As Judge Bowen stated in Andrus v. Lambert, 424 So.2d 5, 9
(Ala.Cr.App. 1982):
 "The right to a parole is a privilege granted by the people of Alabama to those committed to our penal institutions as punishment for crimes. Holley v. State, 397 So.2d 211, 216
(Ala.Crim.App.), cert. denied, 397 So.2d 217 (Ala. 1981). Obtaining an early release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement. *Page 87 United States v. Chagra, 669 F.2d 241, 264 (5th Cir. 1982). While no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists, Greenholtz v. Nebraska, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1978), a prisoner has the right to be properly considered for parole. Christopher v. U.S. Board of Parole, 589 F.2d 924 (7th Cir. 1978); Wallace v. Turner, 525 F. Supp. 1072 (S.D.Fla. 1981). The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds. Wallace v. Turner, supra. A parole should not be denied for false, insufficient, or capricious reasons. Christopher, supra."
Although there is no due process protection in the granting or denying of parole, parole should not be denied for "capricious reasons." The record in this case includes exhibits that were before the Board of Pardons and Paroles at the time of the hearing. These exhibits reflect that the appellant was serving four concurrent 10-year sentences when the parole hearing was held. The appellant had been convicted of rape, kidnapping, and two counts of sodomy. The appellant also had several prior convictions, one of which was a rape conviction. While in prison the appellant had seven disciplinary actions brought against him, one for indecent exposure. He had also harassed a nurse several times while on sick call.
There is no indication that the denial of parole in this case was improper or capricious. "Under Alabama law, the Pardon and Parole Board is vested with wide discretion in determining parole eligibility." Andrus, 424 So.2d at 9. No abuse of that discretion occurred here.
The Circuit Court for Montgomery County correctly denied the appellant's petition for writ of certiorari.
AFFIRMED.
All the Judges concur.