The appellant, Jimmy A. Archie, Jr., appeals from the circuit court's judgment denying his petition for a writ of habeas corpus.
In his petition, Archie asserts the following: in 1980, he was convicted of first degree robbery and rape and was sentenced to two concurrent sentences of 50 years' imprisonment; on October 6, 1981, he was placed on incentive good time (IGT) status provided for by Act No. 182, 1975 Ala. Acts 176, No. 182 (July 29, 1976), which was codified as Ala. Code 1975, §§ 14-9-20 through -25[1]; and he was not removed from that status until November 1987, when he received a disciplinary for a minor infraction of a prison rule.
While most of Archie's allegations are fragmented and somewhat convoluted and fail to clearly put the circuit court on notice of the exact issues raised, we adhere to the view that niceties of pleading are not favored in habeas corpus proceedings, Rice v. State, 460 So.2d 254 (Ala.Cr.App. 1984). With this principle in mind, we find that, when Archie's allegations are given a cohesive reading, they should have been treated on their merits. For example, Archie's petition asserts that the Department of Corrections is not applying Act No. 182 according to the legislative intent so as to correctly calculate the IGT to be subtracted from his sentence. *Page 479 
Archie further states, "Petitioner [is] asking for equal protection under Johnny Powers v. State of Alabama, [546 So.2d 1000 (Ala.Cr.App. 1987),] and Ex parte Powers v. State ofAlabama at 546 So.2d [1004 (Ala. 1988),] because not like Powers [he] has no past nor juvenile history and no bad prison record; but only one minor disciplinary." In Powers v. State, this court interpreted Act No. 182 to provide that for every day of service, a qualified inmate is eligible for up to two days' IGT credit, thus authorizing a three-day deduction for every day served. In Ex parte Powers, the Alabama Supreme Court agreed with this court's interpretation of Act No. 182, but reversed the judgment and remanded the case on the ground that the Department of Corrections had incorrectly calculated Powers's IGT status because of its policy based upon an attorney general's opinion stating that, under Act No. 182, the maximum deduction was two days for every day served, i.e., one day of IGT for every day served plus the day actually served. See alsoWarren v. State, 598 So.2d 1058 (Ala.Cr.App. 1992), also cited by Archie. In general discussion, Archie also mentions Cox v.State, 628 So.2d 1075 (Ala.Cr.App. 1993), wherein this court discussed the issue of whether the application of section (h) of Admin.Reg. 420 to deny IGT because of the inmate's criminal record is contrary to the legislature's expressed intent.[2]
Archie also alleges that had he not been unconstitutionally removed from IGT status for a minor infraction, his sentence would have already been served.
As a final note, we point out that, in response to Archie's petition, as amended, the state filed an answer and motion to dismiss wherein it asserts that Archie, in his petition, is alleging that the denial of good time is an ex post facto application; that he is being denied retroactive incentive deductions in an arbitrary manner; and that § 14-9-41 is in violation of the Equal Protection Clause and the ex post facto prohibition. The state addressed those allegations. It is abundantly clear that Archie's IGT is governed by Act No. 182, and thus the state's motion not only completely misses the allegations asserted in Archie's petition, but applies the wrong statutes governing Archie's eligibility to earn good time and in calculating the good time earned. Is this any indication of the reliability of the Department's calculations of an inmate's good time?
Accordingly, this cause is remanded for the circuit court to treat the merits of Archie's petition and to make specific findings of fact and conclusions of law. If the court determines that an evidentiary hearing is required, a transcript of that proceeding should be included in the return to remand along with the written statement of the court's findings. The court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
 ON RETURN TO REMAND
[1] These statutes were repealed by the Alabama Correctional Incentive Time Act, Act No. 80-446, 1980 Ala. Acts 690 (May 19, 1980), codified as §§ 14-9-40 through -44; they were retained to the extent that they apply to prisoners serving time before May 19, 1980, and to persons who committed offenses prior to May 19, 1980. § 14-9-43.
[2] Attached to Archie's petition is the report and recommendation, entered April 19, 1993, of a magistrate of the United States District Court for the Northern District concerning a federal habeas corpus petition filed by Archie. The report refers to affidavits filed by Betty Teague, Director of Records for the Department, and Marion Shinbaum, Director of Classifications. The report quotes section (h) of Admin.Reg. 420 and states:
 "Marion Shinbaum . . . testified in her affidavit that petitioner is not receiving IGT credit because his offenses of robbery in the first degree and rape in the first degree 'would not allow the Alabama Department of Corrections (ADOC) Classification Division to find that he satisfies the requirements of regulations regarding the award of IGT under Item II.h.['] . . . [P]etitioner [has been precluded] from earning additional good-time credits [because of] the Department of Corrections assessment that the nature of his crimes . . . contraindicate his early return to society."
In a more recent affidavit, which was sworn to on August 10, 1994, and which is attached to the state's motion to dismiss, Betty Teague certified that when Archie received a disciplinary on November 3, 1987, "he was removed from IGT status since he was no longer considered to be an exceptional inmate." The record before us does not show that Archie has any other mar on his record in the 14 years that he has been incarcerated.