In 1986, John David Strong pleaded guilty to third-degree robbery. The trial court sentenced him to serve 40 years in prison. On January 30, 2001, the Board of Pardons and Parole considered Strong for parole, but denied parole. On March 26, 2001, Strong filed a petition for a writ of certiorari in the circuit court. Strong named as the respondents to his petition
 "Donald L. Parker, Executive Director Board of Pardons and Paroles, et. al. and Willie Thomas, Warden Staton Correctional Facility State of Alabama"
(C.R. 4.) On May 11, 2001, Donald Parker filed a motion to dismiss. Parker argued in his motion that he was not the appropriate respondent to Strong's petition. Nonetheless, he addressed some, but not all, of Strong's substantive claims. On June 11, 2001, the circuit court entered an order dismissing Strong's petition; the order stated, in pertinent part:
 "Prisoners in Alabama have no right to expect to be paroled and the courts have continuously held that there is no liberty interest in parole. The Petitioner was granted a hearing before the Pardons and Parole Board in January of 2001 wherein he was not successful in persuading the Board that he should be paroled.
 "The Petitioner has also sued Donald Parker, Executive Director of the Alabama Board of Pardons Paroles, and Willie Thomas, Warden at Staton Correctional Facility. The Court would note that these are not proper parties to challenge concerning whether or not parole is granted or denied by the Alabama Board of Pardons and Paroles. The Petitioner has failed to state any grounds upon which relief would be proper pursuant to a Writ of Certiorari *Page 1203 
and the court dismisses the Petition for failure to state a claim upon which relief could be granted."
(C.R. 38.) (Emphasis added.)
"In the absence of the right to appeal or other adequate remedy, the writ of certiorari lies to review the rulings of an administrative board or commission." Ellard v. State, 474 So.2d 743, 748 (Ala.Crim.App. 1984). Section 12-3-9, Ala. Code 1975, states that the Court of Criminal Appeals shall have "exclusive appellate jurisdiction of . . . all post-conviction writs in criminal cases."
Even if Parker and Thomas were improperly named as respondents in Strong's petition, we do not agree that Strong's petition should have been dismissed.[1] Although "[g]enerally, parties acting pro se should be treated as parties represented by counsel are treated," Alabama courts have a long history of discouraging the dismissive treatment of pro se filings. Boros v. Baxley, 621 So.2d 240, 243-44 (Ala. 1993). See, e.g.,Archie v. State, 711 So.2d 477, 478 (Ala.Crim.App. 1996) ("While most of Archie's allegations are fragmented and somewhat convoluted and fail to clearly put the circuit court on notice of the exact issues raised, we adhere to the view that niceties of pleading are not favored in habeas corpus proceedings. Rice v. State, 460 So.2d 254 (Ala.Cr.App. 1984)."); and Brooks v. Alabama Bd. of Pardons Paroles, 644 So.2d 481
(Ala.Crim.App. 1994) (this Court addressed an appeal from the denial of a petition for a writ of certiorari where, initially, the circuit court had correctly restyled the petition for a writ of habeas corpus as a petition for a writ of certiorari). Moreover, the appellate courts of this State have long been willing to restyle a case to provide for the proper parties of interest. See, e.g., Tuders v. Kell, 739 So.2d 1069, 1071 n. 1 (Ala. 1999); First Fin. Ins. Co. v. Tillery, 626 So.2d 1252, 1252 n. 1 (Ala. 1993); Cantley v. Hubbard, 623 So.2d 1079 (Ala. 1993); and Jacksv. Madison County, 741 So.2d 429, 429 n. 1 (Ala.Civ.App. 1999). CompareNorwood v. Mariner Lakes Prop. Owners Ass'n, 615 So.2d 1210
(Ala.Civ.App. 1992), in which the court treated a direct appeal as a writ of mandamus based on the content of the pleadings.
In this case, it is obvious from the body of the petition who the proper respondents should have been. Moreover, even if we were to take a literal form-over-substance view of pro se pleading, Strong filed the petition against the "Executive Director, Board of Pardons and Paroles, etal." Even if we were to disregard the body of the petition, and we do not, this alone should have been enough notice to the circuit court and to the respondents that Strong had, in fact, implicated the appropriate parties.
In his petition, Strong alleges, among other things, that, "based . . . on false or erroneous information in Petitioner's prison file, the Parole Board set Petitioner's case off for another three (3) years." (C.R. 5.) In particular, he takes issue with a "malicious disciplinary report [he] received while confined . . . years ago" regarding some threats he had made against a nurse. After a disciplinary hearing, Strong was found guilty of the disciplinary infraction. To the extent that he now takes issue with that finding of guilt, Strong's appropriate avenue for relief is a *Page 1204 
petition for a writ of habeas corpus. Thus, we do not address that issue here.
However, Strong also takes issue with the Board's considering his alleged escapes during its parole deliberations. Strong argues that there is erroneous information in his prison file regarding alleged escapes and that he has never attempted to escape and has never been prosecuted for escape. Strong asserted in an affidavit dated June 6, 2001, that he had been unable to be present at his parole hearing and his friend, Robert Dawson, attended for him. Strong asserted that Dawson stated that the Board made reference to the escapes when it denied Strong's parole. Neither the circuit court's order nor Parker's motion to dismiss addresses this claim.
 "As this court stated in Andrus v. Lambert, 424 So.2d 5, 9 (Ala.Cr.App. 1982):
 "`The right to a parole is a privilege granted by the people of Alabama to those committed to our penal institutions as punishment for crimes. Holley v. State, 397 So.2d 211, 216 (Ala.Crim.App.), cert. denied, 397 So.2d 217 (Ala. 1981). Obtaining an early release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement. United States v. Chagra, 669 F.2d 241, 264 (5th Cir. 1982). While no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists, Greenholtz v. Nebraska, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979), a prisoner has the right to be properly considered for parole. Christopher v. U.S. Board of Parole, 589 F.2d 924 (7th Cir. 1978); Wallace v. Turner, 525 F. Supp. 1072 (S.D.Fla. 1981). The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds. Wallace v. Turner, supra. A parole should not be denied for false, insufficient, or capricious reasons. Christopher, supra.'
 "Although no due process guarantees apply to the granting or denying of parole, parole should not be denied for `capricious reasons.'"
Tedder v. Alabama Bd. of Pardons Paroles, 677 So.2d 1261, 1263-64
(Ala.Crim.App. 1996). See also Tucker v. Alabama Bd. of Pardons Paroles, 781 So.2d 358 (Ala.Crim.App. 2000).
We therefore remand this cause to the circuit court for it to order the Board to answer Strong's claim that it relied on improper grounds, particularly his allegation that the Board relied on erroneous reports of escape in his prison file, to determine his eligibility for parole. The circuit court shall then determine the merits of Strong's claim of improper grounds, enter its findings, and make due return to this court within 42 days.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and SHAW and WISE, JJ., concur. BASCHAB, J., dissents.
[1] As the State points out, the warden is an employee of the Department of Corrections, not a member of the Board of Pardons and Paroles. According to his answer, the executive director of the Board of Pardons and Paroles does not participate in the decisions to grant or deny parole; rather, he executes those decisions.