865 So.2d 1245 (2003)
Geoffrey Richard BOSTWICK
v.
ALABAMA BOARD OF PARDONS AND PAROLES.
CR-01-2238.
Court of Criminal Appeals of Alabama.
March 21, 2003.
Rehearing Denied May 23, 2003.
*1246 Geoffrey Richard Bostwick, pro se.
Gregory O. Griffin, Sr., chief counsel, and Hugh Davis, Francis A. Long, Sr., and Steven M. Sirmon, asst. attys. gen., Alabama Board of Pardons and Paroles.
COBB, Judge.[1]
Geoffrey Richard Bostwick is currently serving a 20-year sentence for a 1987 murder conviction. On January 7, 2002, the Alabama Board of Pardons and Paroles ("the Board") considered him for parole, but voted to deny Bostwick parole and not to schedule him for further parole eligibility consideration.
On January 31, 2002, Bostwick filed a petition for a writ of certiorari in the Montgomery Circuit Court. After the Board responded, the circuit court summarily dismissed the petition on June 11, 2002, in a detailed order. This appeal followed.
Bostwick claimed in his petition and reiterates on appeal that the Board "may" have relied on erroneous information in his file in denying him parole. The circuit court noted in its order that "[t]his claim made by [Bostwick] is merely speculative and unsupported by any evidence provided to this Court." (C. 65.)
"In the absence of the right to appeal or other adequate remedy, the writ of certiorari lies to review the rulings of an administrative board or commission." Ellard v. State, 474 So.2d 743, 748 (Ala.Crim. App.1984). Section 12-3-9, Ala.Code 1975, states that the Court of Criminal Appeals shall have "exclusive appellate jurisdiction of ... all postconviction writs in criminal cases."
"As this court stated in Andrus v. Lambert, 424 So.2d 5, 9 (Ala.Cr.App. 1982):
"`The right to a parole is a privilege granted by the people of Alabama to those committed to our penal institutions as punishment for crimes. Holley v. State, 397 So.2d 211, 216 (Ala.Crim.App.), cert. denied, 397 So.2d 217 (Ala.1981). Obtaining an early release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement. United States v. Chagra, 669 F.2d 241, 264 (5th Cir. 1982). While no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists, Greenholtz v. Nebraska, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979), a prisoner has the right to be properly considered for parole. Christopher v. U.S. Board of Parole, 589 F.2d 924 (7th Cir.1978); Wallace v. Turner, 525 F.Supp. 1072 (S.D.Fla. 1981). The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds. Wallace v. Turner, supra. A parole should not be denied for false, insufficient, or capricious reasons. Christopher, supra.'
"Although no due process guarantees apply to the granting or denying of parole, parole should not be denied for `capricious reasons.'"
Tedder v. Alabama Bd. of Pardons & Paroles, 677 So.2d 1261, 1263-64 (Ala.Crim. App.1996). See also Strong v. Alabama Bd. of Pardons & Paroles, 859 So.2d 1201 *1247 (Ala.Crim.App.2001), and Tucker v. Alabama Bd. of Pardons & Paroles, 781 So.2d 358 (Ala.Crim.App.2000). Therefore, although the Board has nearly unfettered discretion in granting or denying parole, sufficiently pleaded claims that the Board has relied upon false information in its decision-making process are proper subject matter for petitions for a writ of certiorari filed in the Montgomery Circuit Court and appealed to this Court.
In Strong, the petitioner alleged that, in denying him parole, the Board had relied on information in his file that indicated that, while in prison, Strong had been convicted of escape. The petitioner attached an affidavit to his certiorari petition stating that a friend who had been present at the parole hearing told him that the Board "made reference to the escapes when it denied Strong's parole." Strong, 859 So.2d at 1204. Neither the circuit court nor the Board addressed the petitioner's claim. This Court remanded the cause for the circuit court to order the Board to respond to the allegation and, considering the Board's response, to decide the merits of Strong's allegation.
Unlike Strong, in this case, as the circuit court noted, the petitioner's claim is mere speculation in that he has not supported his claim with any evidence. Therefore, we affirm the circuit court's summary dismissal of the petition.
AFFIRMED.
McMILLAN, P.J., and SHAW, J., concur; BASCHAB, J., concurs specially, with opinion; WISE, J., concurs in the result.
BASCHAB, Judge, concurring specially.
Because the majority appears to follow the current state of the law, I am forced to concur in the result. However, I also concur specially to urge a change in the law.
The Board argues that "[t]here is no legal basis for a prisoner to seek judicial review of the Board's decision not to parole him." (Board's brief at p. 28.) Specifically, it contends that "[t]he Alabama Legislature has given the Board of Pardons and Paroles discretionary authority to decide what prisoners may be paroled, and when, and under what conditions." (Board's brief at pp. 27-28.) Therefore, it concludes that "the decision to deny parole is not reviewable." (Board's brief at p. 25.) For the reasons set forth below, I agree that such a decision is not reviewable in a state court.
Section 15-22-24(a), Ala.Code 1975, provides, in pertinent part:
"The Board of Pardons and Paroles, hereinafter referred to as `the board,' shall be charged with the duty of determining what prisoners serving sentences in the jails and prisons of the State of Alabama may be released on parole and when and under what conditions."
Section 15-22-26, Ala.Code 1975, provides, in pertinent part:
"No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Pardons and Paroles is of the opinion that there is a reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society."
In Thompson v. Board of Pardons and Paroles, 806 So.2d 374, 375 (Ala.2001), the Alabama Supreme Court held:
"Section 15-22-26 is a typical parole statute that gives the parole board total discretion in the granting of paroles. Tedder v. Alabama Bd. of Pardons & Paroles, 677 So.2d 1261, 1263 (Ala.Crim. *1248 App.), cert. denied, 518 U.S. 1008, 116 S.Ct. 2531, 135 L.Ed.2d 1054 (1996); see also Thomas v. Sellers, 691 F.2d 487, 488-89 (11th Cir.1982). Because the statute provides that parole may be granted at the board's discretion, it does not confer a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. E.g., Tedder, 677 So.2d at 1263."
(Emphasis added.) See also Hill v. State, 594 So.2d 246 (Ala.Crim.App.1992). In Henley v. State of Alabama Board of Pardons and Paroles, 849 So.2d 255, 260 (Ala. Crim.App.2002), we noted:
"This rationale is also found in § 41-22-3(3), which provides that the Board is not subject to provisions relating to due process at an administrative hearing when it `considers the granting or denial of pardons, paroles or restoration of civil and political rights or remission of fines and forfeitures.'"
Thus, the opportunity to be released on parole is a privilege, or a matter of grace, rather than a right in Alabama. Compare Coslett v. State, 697 So.2d 61, 64 (Ala.Crim. App.1997) (holding that "[t]he opportunity to earn `good time' is a privilege, not a right, in Alabama").
Alabama courts have previously held that decisions that are totally discretionary are not reviewable on appeal. With regard to the initial grant or denial of probation, Alabama courts have repeatedly held that such a decision is a matter of grace that is entirely within the discretion of the trial court. See Driggers v. State, 344 So.2d 226 (Ala.Crim.App.1977); Sparks v. State, 40 Ala.App. 551, 119 So.2d 596 (Ala. Ct.App.1959). See also Rheuark v. State, 625 So.2d 1206 (Ala.Crim.App.1993); Alderman v. State, 615 So.2d 640 (Ala.Crim. App.1992); Morgan v. State, 589 So.2d 1315 (Ala.Crim.App.1991); Roden v. State, 384 So.2d 1248 (Ala.Crim.App.1980). The courts have also held that such decisions are not reviewable on appeal. See Rheuark, supra; Alderman, supra; Morgan, supra; Roden, supra. Applying the same rules, this court has also held that "the refusal of a trial court to amend its original sentencing order imposing a reverse split sentence to postpone the period of incarceration indefinitely does not involve the revocation of probation and there is no right to appeal from that refusal." Thomas v. State, 675 So.2d 1341, 1342 (Ala.Crim. App.1994). Finally, with regard to the decision to refer a defendant to drug court, we have stated:
"We believe that, like the prosecutor's decision to permit a defendant to complete a treatment program, the prosecutor's decision to refer a defendant to drug court is solely within the prosecutor's discretion. That decision is not subject to appellate review."
C.D.C. v. State, 821 So.2d 1021, 1025 (Ala. Crim.App.2001) (footnote omitted).
Because the initial decision to grant or deny parole lies completely within the Board's discretion, this court has previously questioned whether such a decision is reviewable. In Henley v. State of Alabama Board of Pardons and Paroles, 849 So.2d 255, 261 (Ala.Crim.App.2002), we stated:
"After reviewing the Supreme Court's decisions in Thompson [v. Board of Pardons & Paroles, 806 So.2d 374 (Ala. 2001) ] and Ex parte Board of Pardons & Paroles, [793 So.2d 774 (Ala.2000),] we question whether the Board's rulings denying parole are reviewable by a higher tribunal; especially given the Supreme Court's language in Thompson to the effect that the Board's parole decisions are totally discretionary. Cf. Alderman v. State, 615 So.2d 640 (Ala.Crim.App. 1992) (the original grant or denial of *1249 probation is not reviewable on appeal because it is within the total discretion of the trial court)."
We recognize that, in Andrus v. Lambert, 424 So.2d 5, 9 (Ala.Crim.App.1982), this court held:
"While no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists, Greenholtz v. Nebraska, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979), a prisoner has the right to be properly considered for parole. Christopher v. U.S. Board of Parole, 589 F.2d 924 (7th Cir.1978); Wallace v. Turner, 525 F.Supp. 1072 (S.D.Fla.1981). The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds. Wallace v. Turner, supra. A parole should not be denied for false, insufficient, or capricious reasons. Christopher, supra."
However, in Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir.1991), the Court of Appeals for the Eleventh Circuit stated:
"It is true that the Alabama parole statute is framed in discretionary terms and therefore does not confer a liberty interest in parole. Ala.Code § 15-22-26 (1975); Thomas, 691 F.2d at 489. Nevertheless, this discretion is not unlimited. A parole board may not engage in `flagrant or unauthorized action.' Thomas, 691 F.2d at 489.10 Section 15-22-26 cannot be read as granting the Board the discretion to rely upon false information in determining whether to grant parole. Therefore, by relying on the false information in Monroe's file, the Board has exceeded its authority under section 15-22-26 and treated Monroe arbitrarily and capriciously in violation of due process. Thomas, 691 F.2d at 489.
10In Andrus v. Lambert, 424 So.2d 5, 9 (Ala.Crim.App.1982), the Alabama Court of Criminal Appeals stated that `parole should not be denied for false, insufficient, or capricious reasons.' Andrus further states that a prisoner has a right to be properly considered for parole and that the `paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds.' Id. at 9. Andrus relied principally on a Seventh Circuit case, Christopher v. United States Bd. of Parole, 589 F.2d 924, 927 (7th Cir.1978), which was decided before Greenholtz, supra. In Christopher, the Seventh Circuit noted that, under federal regulations, once a federal prisoner had been given an effective parole date his release could be denied only upon the occurrence of a few specified events. Christopher at 928. The court held that these regulations created an expectancy of parole sufficient to trigger the protection of the Due Process Clause. Id. at 927. Unlike the regulation at issue in Christopher, the Alabama parole statute creates no expectancy of parole entitled to the protections of the Due Process Clause. Thomas, supra. Moreover, the question of whether a state law creates a federally protected right does not depend exclusively on the construction of that law by state courts. Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937, 944 & n. 7 (11th Cir.1987), cert. denied, 485 U.S. 981, 108 S.Ct. 1280, 99 L.Ed.2d 491 (1988). Accordingly, although we find Andrus instructive, we rely instead upon Thomas, supra."
Finally, we point out that, in Thomas v. Sellers, 691 F.2d 487 (11th Cir.1982), the Court of Appeals for the Eleventh Circuit found that the Board's action in denying parole in that case had not been arbitrary and capricious. In so holding, it implied that the federal courts are the proper venue for determining whether a parole board has engaged in "flagrant or unauthorized action" in denying parole when it stated:
"We have stressed in the past that absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts."
691 F.2d at 488 (emphasis added).
Based on the Eleventh Circuit's holdings in Monroe and Sellers, we should overrule *1250 Andrus and its progeny, including Graves v. Alabama Board of Pardons and Paroles, 845 So.2d 1 (Ala.Crim.App.2002); Strong v. Alabama Board of Pardons and Paroles, 859 So.2d 1201 (Ala.Crim.App. 2001); Tucker v. Alabama Board of Pardons and Paroles, 781 So.2d 358 (Ala. Crim.App.2000); Tedder v. Alabama Board of Pardons and Paroles, 677 So.2d 1261 (Ala.Crim.App.1996); and Sloan v. Alabama Board of Pardons and Paroles, 647 So.2d 85 (Ala.Crim.App.1994). Because the initial decision to grant or deny parole is completely within the discretion of the Board, such a decision should not be reviewable by state courts. See Braxton v. Josey, 567 F.Supp. 1479, 1480 (D.Md. 1983) (noting that review was appropriate in federal court because "Maryland does not provide for judicial review of decisions to deny parole"). Compare Quintero v. Board of Parole and Post-Prison Supervision, 329 Or. 319, 986 P.2d 575, 579 (1999) (noting that state statute "provides that `any decision relating to a release date' is not subject to judicial review"). Cf. Esensoy v. Board of Pardons and Paroles, 793 So.2d 774, 778 (Ala.2000) (holding that "judicial review of the Board's denial of a request for remission of a fine or forfeiture is limited to those situations where the Board has failed to consider a request that it exercise its discretion or where there is justification for the court's exercising its equitable jurisdiction"); Kirk v. State, 536 So.2d 118, 119 (Ala.Crim.App.1987) (noting that, "although it has been held that parolees do not have a constitutionally protected liberty interest under Alabama's parole statutes, they nevertheless are entitled to a due process hearing when an attempt is made to revoke their parole"). Therefore, we should dismiss this appeal.
NOTES
[1] This case was originally assigned to another Judge on the Court of Criminal Appeals on November 4, 2002. It was transferred to Judge Cobb on February 14, 2003.