YATES, Judge.
This appeal originates from a forfeiture proceeding wherein the trial court partially remitted, pursuant to § 15-13-139, Ala.Code 1975, the forfeited bail money.
On April 10, 1994, Norman Wells, d/b/a AAA Bonding Company, signed a $100,000 appearance bond for a defendant who was charged with trafficking in cannabis. On April 17, 1994, Wells signed four appearance bonds totalling $130,750 for a second defendant, who was charged with possession of marijuana, possession of a pistol without a permit, unlawful possession of a controlled substance, and trafficking in cannabis. Both defendants failed to appear for arraignment on June 30,1994, and conditional bond forfeitures were entered against Wells and AAA on that date.
At a September 14, 1994, hearing on the bail forfeitures, Wells asked the court for additional time to locate the two missing defendants. The court ordered that the conditional judgments of forfeiture be made final, but stayed the execution of the judgments for 30 days to give Wells an opportunity to find the defendants, noting in its order, “This Court makes no representations to the surety as to any relief at the end of that 30 day period.”
On November 8, 1994, Wells moved to set aside the judgment of final forfeiture in each case, alleging that the defendants had been apprehended and that they had been returned to the custody of the sheriff. The trial court denied the motion after a hearing, noting that the defendants had been apprehended after the 30-day extension period had passed and that it found no special circumstances that made enforcement of the judgments inequitable. Wells then moved the court to “reconsider” its ruling; the trial court held another hearing and on February 23,1995, reduced the amount of forfeited bail from $230,750 to $50,000. Wells appealed to this court, which dismissed the appeal as being untimely filed.
On April 20, 1995, Wells petitioned for remission of the final forfeitures, pursuant to § 15-13-139, Ala.Code 1975, which states:
“In forfeiture eases where the sureties have paid the amount of the forfeiture into the court or in cases where the forfeiture has been made final or absolute and there is no further litigation pending on the forfeiture, and the surety locates the defendant and causes the return of the defendant to the custody of the court where the bond was forfeited, and if the defendant was substantially procured by the actions of the surety, and the administration of justice has not been thwarted nor the successful prosecution of the defendant has been affected, then the court which ordered the forfeiture, shall have full power and jurisdiction in all proceedings conducted pursuant to this article and within a period of six months from the date of issuance of any final forfeiture judgment, to consider any costs to the state or its subdivisions which resulted as a cause of the default, if any, and upon giving consideration thereto, may, in the court’s discretion, remit the whole of the penalty of bail, or undertaking, or any portion thereof, which is in excess of any costs to the state or its subdivisions, and render a new final judgment against the sureties appearing upon the bail bond or undertaking.”
After a hearing, the trial court adopted and re-entered its February 23 judgment reducing the total amount of forfeited bail to $50,-000. Wells appeals, arguing that the trial court abused its discretion in finding that he was not entitled to full remission.
Under the language of § 15 — 13— 139, Ala.Code 1975, a trial court is given complete discretion to remit all or any portion of a final forfeiture judgment. We note that it is the duty of a reviewing court to presume that the trial court properly exercised its discretion when a question of its discretion is raised on appeal. Baumler v. Baumler, 368 So.2d 864 (Ala.Civ.App.1979). *888 This court will not revise a trial court s exercise of its discretion unless it determines from the evidence that the trial court plainly and palpably erred. Livengood v. Sechler, 382 So.2d 567 (Ala.Civ.App.1980).
Nothing in the record indicates an abuse of discretion. The appearance bond contract clearly provided for forfeiture of the bail if the defendants failed to appear as scheduled. The trial court gave Wells a 30-day extension to find the missing defendants and expressly stated that it made no representations as to any further relief after that period expired. Wells failed to find the defendants within the extended period; however, the trial court later remitted the amount of forfeited bail from $230,750 to $50,000, although under the statute it was not obligated to do so.
Wells contends that the statute mandates a full remission of the forfeited bail. We do not agree. We note that the statute allows the trial court to consider any costs incurred by the State as a result of a defendant’s failure to appear and also that the statute clearly states that a trial court “may” remit any portion of a final forfeiture judgment that it chooses. No language present in the statute suggests that such a remission is mandatory.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.