PER CURIAM.
This is an appeal from a forfeiture proceeding in which the circuit court summarily denied a motion made pursuant to Ala.Code 1975, § 15-13-139, for remission of a bond forfeiture. This case was transferred to this court by the Alabama Supreme Court, pursuant to Ala.Code 1975, *770 § 12-2-7(6). For the reasons stated below, the order appealed from is due to be reversed.
On March 29, 1996, George C. Esensoy was arrested and was charged with trafficking in cocaine. He was released on a $50,000 bond posted by Gulf Bonding Company (the “bonding company”). On November 29,1995, Esensoy’s case was called for trial before the Cullman Circuit Court. Although Esensoy was present in court on the morning of his trial, he did not return to court that afternoon. The circuit court ordered Esensoy’s bond to be forfeited, and it issued a warrant for Esensoy’s arrest. On March 16, 1996, the bond forfeiture was made final, and the bonding company paid $50,000 to the circuit clerk. Thereafter, on or about May 23, 1996, Esensoy voluntarily surrendered to law enforcement officers at the Cullman County jail. In August 1996, following a jury trial, Esensoy was found guilty of trafficking in cocaine. He was sentenced to 30 years’ imprisonment.
On September 10, 1996, the bonding company filed a motion with the circuit court seeking release of its bond. The circuit court denied this motion a day later. Thereafter, on January 28, 1997, the bonding company submitted a “remission from forfeiture” form to the Alabama Board of Pardons and Paroles (the “Board”).[1]
Reuben Harris, Jr., a Board employee, was ordered to investigate this matter. Harris’s unsworn report concluded that “[tjhere appears to have been a good faith effort made both on [Kathy] Loveless’ part [she was the bonding company’s agent] and [Essensoy’s] family’s part in attempting to discharge the obligation of apprehending him after he forfeited his bond.” In fact, it appears that Esensoy had fled the United States and was living in Turkey and that, because of the efforts of the bonding company and Esensoy’s family, Esensoy turned himself in. Nevertheless, the Board, on March 3, 1997, denied the request for remission of the bond forfeiture, without conducting a hearing and without stating any reasons for its decision. See Rule 640-X-2-14(4), Alabama Board of Pardons and Paroles Administrative Code.[2]
Esensoy and the bonding company filed a timely notice of appeal, pursuant to Ala. Code 1975, § 41-22-20(b), together with a cost bond. On May 5, 1997, the bonding company filed a petition in the Montgomery County Circuit Court for judicial review of the Board’s denial of remission or, in the alternative, a certiorari petition ask *771 ing for an order directing the Board to return the $50,000 pledged as bond. The gravamen of the bonding company’s petition is its claim that the Board acted capriciously, unreasonably, arbitrarily, and without the required due process in denying its request for remission of the bond forfeiture. The Board filed an answer, which did not deny the allegations of the bonding company’s petition, and it filed a motion for summary judgment, but did not include with that motion any legal evidence sufficient to support the statement of the facts made in the motion. See Rule 56(c)(1), Ala.R.Civ.P.
The Board’s filings did little more than address the procedural history of this case and cite caselaw that refers to the Board’s “complete discretion” to remit fines and forfeitures. The Board did not attempt to refute any claims made by the bonding company. Also, after it had answered and had filed its summary-judgment motion, but before the circuit court held a hearing on the summary-judgment motion, the Board apparently realized that it had not held a hearing on the request for remission, as Rule 640-X-2-14(4) seems to require (see note 2). The circuit court continued the case to allow for a hearing to take place, and, on September 2, 1997, the Board once again voted to deny remission of the bond forfeiture. The Board then renewed its motion for summary judgment, by filing a supporting brief, and the bonding company responded. Thereafter, the circuit court entered a summary judgment[3] for the Board, without setting forth the specific reasons for its decision. The bonding company filed this appeal.
Initially, we note that the Alabama Administrative Procedure Act does not apply to the Board, see § 41-22-3(3), Ala. Code 1975, nor to the review of its proceedings, which may be had by common-law certiorari, see Gholston v. Board of Pardons & Paroles, 627 So.2d 945, 947 (Ala.Civ.App.1993) (concluding that parolee’s certiorari petition in the circuit court was the proper method of obtaining judicial review). In fact, this court’s jurisdiction to hear this appeal does not derive from the Board’s status as an “administrative agency” as that term is used in § 12-3-10, but from the fact that this case is a “civil case” contemplated by § 12-3-10, Ala.Code 1975, and because the Alabama Supreme Court transferred the appeal to this court under § 12-2-7(6), Ala.Code 1975.[4]
“The appellate jurisdiction of this court is set out in Ala.Code 1975, § 12-3-10, as follows:
“ ‘The court of civil appeals shall have exclusive appellate jurisdiction of all civil eases where the amount involved, exclusive of interest and costs, does not exceed $ 10,000.00, all appeals from administrative agencies other than the Alabama public service commission, all appeals in workmen’s compensation cases, all appeals in domestic relations cases, including annulment, divorce, adoption and child custody cases and all extraordinary *772 writs arising from appeals in said cases.’
“Nowhere within this statute do we find authority for the Court of Civil Appeals to review decisions of the Board. Although § 12-3-10 provides that this court has jurisdiction over appeals from administrative agencies, our supreme court has held that ‘the parole board is a legislative agency and not subject to the ... Alabama Administrative Procedure Act.... ’ Ex parte Baldwin County Comm’n, 526 So.2d 564, 566 (Ala.1988). Furthermore, the Alabama Administrative Procedure Act, in Ala.Code 1975, § 41-22-3(3), excludes actions of the Board from its provisions for judicial review. See also, Sellers v. State, 586 So.2d 994 (Ala.Crim.App.1991).”
Gholston, 627 So.2d at 946-47 (emphasis added).
Although the Board is a legislative, not an administrative, agency, the regulations it has adopted pursuant to § 15-22-37, Ala.Code 1975, have been codified in the Alabama Administrative Code. One of these regulations, Ala. Admin. Code Rule 640-X-3-.il, adopts a particular application form to be used in forfeiture-remission cases brought before the Board. This form, which is designated as “Attachment 11” to that chapter of the Administrative Code and a copy of which the bonding company used in applying for remission, contains blanks for providing the Board with pertinent information concerning the case. Among other things, the form contains the following request for information:
“State all other pertinent facts, including reason for defendant’s failure to appear, his whereabouts from date of bond to present, efforts made to locate and return him, expense incurred, names and addresses of persons who will verify information furnished, and other pertinent facts or mitigating circumstances showing why remission on forfeiture should be granted.”
In addition, the application form contains the following pertinent statement:
“IMPORTANT:
“This application must be made in duplicate. The burden is upon applicant to state and prove due diligence in producing defendant, and freedom from negligence on his part in connection therewith. In the absence of such proof, application will be denied.”
(Emphasis added.)
As the regulatory material quoted above indicates, the factors the Board considers in forfeiture-remission cases are a matter of public record. The Board has determined, in its discretion, that an applicant must prove that it exercised due diligence in procuring the defaulting criminal defendant, and that the applicant was not negligent in allowing the defendant to default upon his obligation to appear.
On a number of occasions, the appellate courts of this state have noted that the Board has been vested with great discretion in carrying out its duties imposed by § 16-22-36. E.g., Sloan v. Alabama Bd. of Pardons & Paroles, 647 So.2d 85, 87 (Ala.Crim.App.1994) (holding that the Board is “vested with wide discretion in determining parole eligibility”); Andrus v. Lambert, 424 So.2d 5, 9 (Ala.Crim.App. 1982) (same); see also Sellers v. Thompson, 452 So.2d 460 (Ala.1984) (holding that members of the Board were entitled to immunity from civil liability resulting from granting of parole because that decision constituted the exercise of a discretionary function).
The bonding company argues that the Board acted capriciously, unreasonably, and arbitrarily in denying its request for remission of the bond forfeiture because it gave no reasons for its decision. However, under § 15-22-36(b), a member of the *773 Board is required to enter in the record his or her reasons in detail only if he or she favors a remission of a bond forfeiture. The absence of a statutory requirement that members list their reasons for denying relief was specifically noted in Tedder v. Alabama Bd. of Pardons & Paroles, 677 So.2d 1261, 1264 (Ala.Crim.App.), cert. denied, 518 U.S. 1008, 116 S.Ct. 2531, 135 L.Ed.2d 1054 (1996).
The bonding company also argues that the Board acted without the required due process in denying its request for remission of the bond forfeiture. It is settled, however, that
“in the absence of statutory requirements to the contrary, an agency is required to provide ... due process ... only when a person’s liberty interest or property interest is jeopardized by the actions of the agency.”
Scott v. State Pilotage Comm’n, 699 So.2d 196, 199 (Ala.Civ.App.1997) (citing Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).
“To have a property interest in a benefit that will require procedural due process protection, a person ‘must have more than a unilateral expectation of [that benefit]. He must, instead, have a legitimate claim of entitlement to it.’ Roth, 408 U.S. at 577, 92 S.Ct. 2701.”
Scott, 699 So.2d at 199. The bonding company has no property interest under § 15-22-36 in obtaining a remission of its forfeiture: “[t]he remission of forfeitures is neither a right nor a privilege, but an act of grace.” In re $67,470.00, 901 F.2d 1540, 1543 (11th Cir.1990).
All that is required under the Board’s regulations implementing § 15-22-36, with respect to the remission of forfeitures, is “an open public meeting after required notices.” Ala. Admin. Code Rule 640-X-2-14(4). The Board held such a hearing, at the direction of the circuit court, and denied the bonding company’s application. The circuit court’s role in reviewing that decision was merely to determine whether that decision was supported by “any legal evidence.” Marshall Durbin & Co. of Jasper, Inc. v. Environmental Management Comm’n, 495 So.2d 79, 81 (Ala.Civ.App.1986) (outlining standard of review on common-law certiorari). We conclude that the Board’s decision was not supported by any legal evidence demonstrating that the bonding company did not at all times exercise due diligence in attempting to produce the defendant. The record indicates that the defendant left Alabama and fled to Turkey, remaining at large for almost six months. The report of the probation-and-parole officer assigned to investigate the remission application, the sole pertinent evidence tendered in support of the Board’s decision, noted that the bonding company appeared to have made a “good faith effort” in attempting to discharge the obligation of apprehending the defendant after he had forfeited his bond, and that it had expended great effort to apprehend him. Further, there is no evidence tending to show that the bonding company was negligent in any manner in connection with the defendant’s flight from justice. Thus, using the standard applicable to common-law certiorari review of decisions of the Board, a legislative agency, we hold that no legal evidence has been adduced to support its decision not to remit any portion of the amount forfeited.
Because of the absence of evidence supporting the Board’s decision, we remand the case to the circuit court with instructions to remand it to the Board for further proceedings.
REVERSED AND REMANDED.
All the judges concur.

. The Alabama legislature appears to have created two separate and distinct methods by which a surety may seek remission of a bond forfeiture. By the first method, a surety may make application to the Board of Pardons and Paroles (the "Board”) for remission of the bond forfeiture, pursuant to Ala.Code 1975, § 15-22-36(a). By the second method, the surety, acting pursuant to § 15-13-139, Ala. Code 1975, may, within six months from the date of issuance of any final forfeiture judgment, seek remission of the bond forfeiture from the circuit court that ordered the forfeiture. The factors the circuit court should consider under the latter Code section include (a) the fact that the surety located the defendant and caused his return to the custody of the circuit court in which the bond was forfeited, and the fact that the return of the defendant was "substantially procured” by the actions of the surety; (b) that the administration of justice has not been thwarted; and (c) that the successful prosecution of the defendant has not been affected.

. Rule 640-X-2-14(3), filed by the Board on September 29, 1982, provides that Board members "will independently review [requests for remission] and indicate favorable or unfavorable impression” on an initial screening. Subsection (4) provides that the matter will be scheduled "in an open public meeting after required notices of the pending action are given.”

. We have included the discussion of the Board’s summary-judgment motion and the bonding company’s opposition to that motion purely as a matter of reciting the procedural history of this case. However, it is clear that, because the matter was before the circuit court on certiorari review of the Board's decision, a motion for a summary judgment was inappropriate. We will treat the summary judgment as an order affirming the Board's decision.

. After the Supreme Court transferred the appeal, this court transferred it to the Court of Criminal Appeals; however, that court re-transferred the appeal to this court.