On March 29, 1995, George C. Esensoy was arrested and charged with trafficking in cocaine. Gulf Bonding Company posted a $50,000 bond for his release. On the day of Esensoy's trial, he left during a lunch break and did not return. The Cullman Circuit Court ordered that his bond be forfeited. The forfeiture was made final on March 16, 1996. Esensoy voluntarily surrendered on May 23, 1996. He was subsequently convicted of trafficking in cocaine, in August 1996, and was sentenced to 30 years of imprisonment. On September 10, 1996, Gulf Bonding moved the Cullman Circuit Court for remission of its bond. The court denied the request.[1]
On January 28, 1997, the bonding company submitted a remission-of-forfeiture request to the Board of Pardons and Paroles. The Board denied the request on March 3, 1997, without conducting a hearing. On May 5, 1997, Esensoy and Gulf Bonding filed a notice of appeal, and a petition for certiorari review, in the Montgomery Circuit Court. They claimed that the Board had acted capriciously, unreasonably, arbitrarily, and without the required due process in denying the request for remission of the bond forfeiture. The Board filed an answer and a motion for summary judgment. On September 2, 1997, while the motion for summary judgment was pending, the Board held a hearing on the request for remission of forfeiture, and it again denied the request. The court granted the Board's renewed motion for summary judgment and entered a summary judgment in favor of the Board. Esensoy and Gulf Bonding appealed.
The Court of Civil Appeals reversed the summary judgment and remanded the case to the circuit court, instructing it to *Page 776 
remand the case to the Board for further proceedings. The Court of Civil Appeals held that "the Board's decision was not supported by any legal evidence demonstrating that the bonding company did not at all times exercise due diligence in attempting to produce the defendant." Esensoyv. Board of Pardons Paroles, 793 So.2d 769, 773 (Ala.Civ.App. 1999). We granted the Board's petition for certiorari review of the Court of Civil Appeals' judgment reversing the summary judgment in favor of the Board. We reverse and remand.
The Board argues that the Court of Civil Appeals lacked jurisdiction to review the Board's denial of the request for remission of forfeiture. The Governor has authority to grant reprieves and commutations of sentences for persons under the sentence of death, while "the legislature [has the] power to provide for and to regulate the administration of pardons, paroles, remission of fines and forfeitures, and may authorize the courts having criminal jurisdiction to suspend sentence and to order probation." Amend. No. 38, Ala. Const. of 1901. Under § 124, Ala. Const. of 1901, the executive branch had the power to remit fines and forfeitures. Amendment No. 38 transferred that authority the Legislature, and the Legislature, in turn, gave this power to the Board of Pardons and Paroles,[2] and it also initially gave that power to the courts in certain counties of this state.[3] Swiftv. Esdale, 293 Ala. 520, 306 So.2d 268 (1975). The Legislature has not provided a judicial remedy for persons aggrieved by determinations of the Board made while the Board is exercising its authority to remit fines and forfeitures.
Actions of an administrative board or commission are generally subject to judicial review if that agency comes within the scope of the Alabama Administrative Procedure Act ("AAPA"), §§ 41-22-1 through -27, Ala. Code 1975. See Sellers v. State, 586 So.2d 994 (Ala.Crim.App. 1991). The Board, however, is exempt from the AAPA, and no other right of review from the actions of the Board has been provided by statute.Sellers, 586 So.2d at 995 (citing § 41-22-3(3), Ala. Code 1975). In the absence of a statutory right to appeal, or any other adequate remedy, a common-law writ of certiorari lies to review the rulings of an administrative board or commission. Ellard v. State, 474 So.2d 743, 748
(Ala.Crim.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985).
After the Board of Pardons and Paroles denied Gulf Bonding's application for remission of the bond forfeiture, Gulf Bonding properly petitioned the Montgomery Circuit Court for a writ of certiorari. The trial court granted the Board's motion for summary judgment. Thereafter, the bonding company petitioned this Court for a common-law writ of certiorari. This Court transferred the petition to the Court of Civil Appeals, pursuant to § 12-2-7(6), Ala. Code 1975, authorizing this Court to transfer to the Court of Civil Appeals cases coming within the appellate jurisdiction of this Court. The Court of Civil Appeals transferred the case to the Court of Criminal Appeals, acting pursuant to Rule 3(c), Ala.R.App.P., which authorizes an appellate court to treat a designation of the wrong appellate court as a clerical error and to take necessary steps to docket the appeal in the appropriate appellate court. *Page 777 
The Court of Criminal Appeals concluded that the Court of Civil Appeals had jurisdiction of the case, pursuant to § 12-3-10, which gives the Court of Civil Appeals exclusive jurisdiction of cases having an amount in controversy not in excess of $50,000, and it transferred the case back to the Court of Civil Appeals.
This Court has historically recognized that a proceeding involving a bond forfeiture is civil in nature. See Ex parte Moore, 244 Ala. 28, 29,12 So.2d 77, 77 (1942) ("This procedure [for the forfeiture of a bail bond] is in the nature of a civil action distinct from the original case, which latter is usually criminal. It leads to a final civil judgment, from which an appeal lies to this court, as in other civil cases."). Its civil nature is now codified. See § 12-17-225.6, Ala. Code 1975.[4] The Court of Civil Appeals has reviewed a trial court's refusal to remit a forfeiture pursuant to § 15-13-139, Ala. Code 1975. See, e.g., Wells v. State, 675 So.2d 886 (Ala.Civ.App. 1996) (alleging an amount in controversy of $50,000); see also Darby v. State,516 So.2d 775, 781 (Ala.Crim.App. 1986), rev'd on other grounds, 516 So.2d 786 (Ala. 1987) (holding that a challenge to a forfeiture of property allegedly seized in connection with illegal drug activity was civil in nature and therefore beyond the jurisdiction of the Court of Criminal Appeals).
Because the amount of the bond in this proceeding was $50,000, the Court of Civil Appeals properly exercised jurisdiction pursuant to §12-3-10, notwithstanding that the case reached the Court of Civil Appeals pursuant to § 12-2-7(6), authorizing the transfer of appeals within the appellate jurisdiction of the Supreme Court.[5]
We must now determine whether the Court of Civil Appeals erred in reversing the summary judgment in favor of the Board. The Court of Civil Appeals correctly noted that "[t]he remission of forfeitures is neither a right nor a privilege, but an act of grace." Esensoy, 793 So.2d at 773 (quoting In re Sixty Seven Thousand Four Hundred Seventy Dollars,901 F.2d 1540, 1543 (11th Cir. 1990)). In In re $67,470.00 ($67,470.00), the petitioners sought to recover currency the Drug Enforcement Administration had seized based on probable cause to believe the money had been used in an unlawful narcotics transaction. The United States Court of Appeals for the Eleventh Circuit noted that "federal courts are generally prohibited from reviewing agency forfeiture decisions even where it is alleged that the Secretary abused his discretion." In re $67,470.00, supra, at 1544. The court held that federal courts have jurisdiction over an agency's forfeiture decision only under narrow circumstances, and it stated two circumstances under which a federal court would have such jurisdiction: (1) the court would have jurisdiction when the agency does not consider a request that it exercise its jurisdiction; and (2) the court may exercise equitable jurisdiction over agency forfeiture decisions under limited circumstances. The court warned that a "decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint." Id. *Page 778 
Section 15-22-36 requires the Board to state its reasons for granting
a remission of a forfeiture. The Legislature has not required the Board to detail its reasons for denying a remission of a forfeiture.[6]
Once a forfeiture is made final, the money forfeited becomes "public money of the State General Fund." See Ala. Code 1975, § 15-13-130.[7]
When Esensoy failed to return for the completion of his trial, the bond was forfeited. Once the forfeiture was made final, the money became the property of the State, and remission of any portion of the amount forfeited would have been an act of grace. Therefore, applying the same rationale applied by the Eleventh Circuit in In re $67,470.00, we hold that judicial review of the Board's denial of a request for remission of a fine or forfeiture is limited to those situations where the Board has failed to consider a request that it exercise its discretion or where there is justification for the court's exercising its equitable jurisdiction. The Board did not refuse to review Gulf Bonding's request. The second circumstance under which judicial review would be permissible, where there is justification for the court's exercising its equitable jurisdiction, is not applicable in this case. Therefore, the Court of Civil Appeals erred in reversing the judgment of the trial court.
We reverse the judgment of the Court of Civil Appeals and remand this case with instructions for that court to reinstate the trial court's judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, Johnstone, and England, JJ., concur.
Brown, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.
[1] Esensoy and Gulf Bonding did not appeal the Cullman Circuit Court's order denying their request for remission of the bond forfeiture.
[2] Section 15-22-36 authorizes the Board to remit fines and forfeitures.
[3] Section 15-13-139, Ala. Code 1975, enacted as a part of the Alabama Bail Reform Act of 1993, authorizes the trial court that entered the final judgment of forfeiture to remit the whole or any portion of the penalty of the bail or undertaking.
[4] "In addition to the provisions of this division, all court costs, fines, victim compensation assessments, bail bond forfeitures, and restitution, and other court-ordered charges, including the collection fee of a court of competent jurisdiction in this state, shall beconsidered civil judgements which can be recorded and enforced in the manner provided by law." (Emphasis added.)
[5] With the benefit of hindsight, this Court can see that it should have transferred this case to the Court of Civil Appeals pursuant to Rule 3(c), Ala.R.App.P.
[6] This fact suggests that the Legislature intended that the Board's decision to grant a remission of a fine or forfeiture be subject to greater scrutiny.
[7] Section 15-13-130, Ala. Code 1975, read as follows at the time of the forfeiture in this case:
 "The basis of all undertakings of bail, whether upon a warrant, writ of arrest, suspension of judgment, writ of error, or in any other case, is to ensure the appearance of the defendant in court, and the undertaking is forfeited by the failure of the defendant to appear.
 "If, by reason of the neglect of the defendant to appear, money is deposited as cash bail and is forfeited and the forfeiture is not discharged or remitted, the clerk with whom it is deposited shall, at the end of 30 days, unless the court has before that time discharged the forfeiture, pay over the money deposited to the officer, official, or employee authorized by law to receive fines levied by the court. The court shall then, without any notice to the defendant, render judgment absolute for the entire sum deposited and the money shall then become public money of the State General Fund or in bail forfeiture cases pending in the municipal courts such sums shall become public money of the municipality."