The Alabama Board of Pardons and Paroles ("the Board") petitions for a writ of mandamus directing the Montgomery Circuit Court to vacate its order directing the Board to comply with Grand Jury Subpoena No. 2000-0216. That subpoena called for the Board to produce certain records maintained by the Board from 1997 to the present. We grant the petition and issue the writ.
 "`A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte McNaughton, 728 So.2d 592, 594
(Ala. 1998). This Court has held that a petition for a writ of mandamus is the proper method for reviewing `"whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders."' Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala. 1996) (quoting Ex parte Mobile Fixture Equip. Co., 630 So.2d 358, 360
(Ala. 1993)). . . .
 "Because the discovery process involves a considerable amount of discretion on the part of the trial court, the standard this Court applies on mandamus review of a discovery order is whether the petitioner has made a clear showing that the trial court abused its discretion. Ex parte Clarke, 582 So.2d 1064, 1067
(Ala. 1991). Thus, a writ of mandamus directing the trial judge to set aside its ruling on a discovery matter will issue only where it is clear that the trial court abused its discretion. Id."
Ex parte Dumas, 778 So.2d 798, 800 (Ala. 2000). *Page 872 
We recognize that at issue is the propriety of the issuance of a grand jury's subpoena duces tecum, and not a trial court's subpoena ducestecum, as we had before us in Ex parte Cummings, 776 So.2d 771, 774
(Ala. 2000). Nevertheless, we conclude that the standards of review stated in Dumas are applicable.
The contentions of the parties revolve around § 15-22-36(b), Ala. Code 1975:
 "(b) Each member of the Board of Pardons and Paroles favoring a pardon, parole, remission of a fine or forfeiture or restoration of civil and political rights shall enter in the file his reasons in detail, which entry and the order shall be public records, but all other portions of the file shall be privileged."
(Emphasis added.)
The Board contends that § 15-22-36(b) establishes that the Board's records are privileged and, consequently, not subject to a grand jury subpoena. The Board argues that because the statute does not specifically provide that the grand jury is excepted from the privilege, the legislative intent is clear and the Board's files are not subject to grand jury proceedings. The Board further argues that compliance with the grand jury subpoena would seriously impair its ability to function because, it says, the privilege offers individuals and entities "an unfettered opportunity" to provide information to the Board, without exposing those individuals and entities to potential retaliation by anyone who might not appreciate their sharing the information with the Board.
The Montgomery County district attorney contends that the Legislature did not intend to create a privilege that would thwart a grand jury's performance of its responsibility to investigate possible indictable offenses by members of the Board, see § 12-16-192, Ala. Code 1975. Additionally, the district attorney argues that because grand jury proceedings are secret, the Board's responding to the subpoena would not violate the confidentiality of the Board's files; and she argues that public policy, which she says is evidenced by the Board's past compliance with grand jury subpoenas, supports the propriety of the Board's compliance with the subpoena.
Principles of statutory construction bind this Court to interpret plain language of a statute "to mean exactly what it says" and to engage in judicial construction only if the language in the statute is ambiguous.Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala. 2000), quoting Blue Cross Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala. 1998). The Legislature stated in § 15-22-36(b), Ala. Code 1975, with specificity and particularity, that "all other portions of the file shall be privileged." A plain reading of the statute indicates that the Legislature created an absolute privilege to provide individuals and entities an unfettered opportunity to provide information to the Board, without exposing the individuals and entities to public scrutiny and potential retaliation. To hold otherwise, this Court would have to engage in improper judicial construction.
We recognize, as the district attorney argues, that the grand jury performs a "special role in insuring fair and effective law enforcement."United States v. Calandra, 414 U.S. 338, 343 (1974). However, although the grand jury's investigative powers are "necessarily broad," they are limited with regard to investigating "those persons protected by a constitutional, common-law, or statutory privilege." Branzburg v. Hayes,408 U.S. 665, 688 (1972). Indeed, if the Legislature had intended for this privilege to be subject to an exception for a grand jury *Page 873 
subpoena, as the district attorney argues, the Legislature would have included such a provision. See § 38-2-6(8), Ala. Code 1975 (specifically creating for grand jury matters, an exception to the statutory privilege created for certain information collected by the Department of Human Resources).
Section 15-22-36(b), Ala. Code 1975, clearly and unambiguously establishes an absolute privilege that the Board is legally bound to obey and the circuit court is under a duty to uphold. The circuit court abused its discretion in directing the Board to produce the privileged records; therefore, the circuit court is directed to vacate its order directing the Board to comply with Grand Jury Subpoena No. 2000-0216.
PETITION GRANTED; WRIT ISSUED.
Houston, See, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.