The Alabama Board of Pardons and Paroles (hereinafter referred to as "the Board") filed this petition for a writ of prohibition or mandamus directing Judge Sally Greenhaw to vacate her July 24, 2002, order directing the Board to hold a new parole hearing for Richard Henley. In June 2001, Henley filed a petition for a writ of certiorari in the Circuit Court of Montgomery County. He argued that the Board had arbitrarily and capriciously denied him parole on eight prior occasions and that he was entitled to a statement of the reasons it continued to deny him parole.[1] The Board responded by asserting that its files are confidential and privileged, except for the Board's order denying parole — a copy of which Henley had been given. It further argued that Henley had no liberty interest in parole; therefore, he was not entitled to any due-process protections. Judge Greenhaw directed the Board to file documentary evidence in support of its actions. The Board filed a motion asking Judge Greenhaw to reconsider her ruling. On July 24, 2002, Judge Greenhaw entered an order denying that motion and directing the Board to hold a new parole hearing for Henley within 30 days. The Board then moved for Judge Greenhaw to rescind her order and to stay *Page 257 
any further action pending review by a higher court. That motion was denied. The Board then filed this petition for a writ of mandamus, or, in the alternative, a writ of prohibition requesting that we stay Judge Greenhaw's July 24, 2002, order. We have stayed the proceedings in the circuit court pending the resolution of this petition.
Before we consider the merits of this petition, we must first determine if this Court is the appropriate court to review Judge Greenhaw's ruling. "[T]o activate this court to superintend a lower court, the petitioner must, inter alia, show that the writ sought is in relation to a matter in which this court has appellate jurisdiction." Ex parteGoodman, 43 Ala. App. 183, 184, 185 So.2d 146, 148 (1966). The Court of Civil Appeals has jurisdiction of all appeals from administrative agencies. See § 12-3-10, Ala. Code 1975. However, although the Board is an administrative agency, it is exempt from the Alabama Administrative Procedure Act. See § 41-22-3(3), Ala. Code 1975. Review of proceedings from the Board is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County. See Gholstonv. Board of Pardons Paroles, 627 So.2d 945 (Ala.Civ.App. 1993). The Court of Criminal Appeals has jurisdiction of an appeal from the denial of a writ of a certiorari attacking the Board's denial or revocation of parole. We consider such writs to be "postconviction writs" that, according to § 12-3-9, are within the jurisdiction of the Court of Criminal Appeals. Ellard v. State, 474 So.2d 743 (Ala.Crim.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). Because this Court has subject-matter jurisdiction of an appeal from the Board's denial of parole, this petition is correctly before this Court.
Having determined that this is the appropriate court to consider this petition for an extraordinary writ, we must next determine whether a petition for a writ of mandamus or a petition for a writ of prohibition is the appropriate vehicle by which to review Judge Greenhaw's actions. A petition for a writ of mandamus is appropriate when a lower court has failed to act. See Ex parte Jackson, 780 So.2d 681 (Ala. 2000). A petition for a writ of prohibition is appropriate "`when a court acts in excess of its jurisdiction; Ex parte City of Tuskegee, 447 So.2d 713, 716
(Ala. 1984), and because it is `the proper remedy to intercept and put an end to a usurpation of jurisdiction.'" Ex parte Coffee County Dep't ofHuman Res., 771 So.2d 485, 487 (Ala.Civ.App. 2000), quoting, Ex parteState ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940). As the Alabama Supreme Court stated in Ex parte Maye, 799 So.2d 944 (Ala. 2001):
 "`"A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in cases of extreme necessity. Ex parte State Dep't of Mental Health Mental Retardation, 536 So.2d 78 (Ala.Civ.App. 1988); see also Ex parte Perry County Board of Education, 278 Ala. 646, 180 So.2d 246 (1965). Prohibition is not a favored writ and will not issue unless there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33
(Ala. 1981); Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693 (1963); Ex parte Burch, 236 Ala. 662, 184 So. 694 (1938). The petition for the writ `properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction.' Ex parte City of Tuskegee, 447 So.2d 713, 716 (Ala. 1984). The writ is preventive rather than corrective and is utilized to prevent the usurpation of excessive jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 *Page 258 
(1961); see also Mental Health, supra. Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the case, not as a matter of right. Barber, supra; Dear v. Peek, 261 Ala. 137, 73 So.2d 358 (1954). `Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction.' Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940)."'"
799 So.2d at 947, quoting Ex parte Moody, 681 So.2d 276, 276-77
(Ala.Crim.App. 1996), quoting in turn Ex parte Shoemaker, 644 So.2d 958,959 (Ala.Civ.App. 1993), rev'd on other grounds, 644 So.2d 961 (Ala.), on remand, 644 So.2d 966 (Ala.Civ.App. 1994). Because the Board alleges that Judge Greenhaw exceeded her jurisdiction by issuing her July 24, 2002, order, we have treated this petition as a petition for a writ of prohibition.
In its brief in support of the issuance of this writ, the Board argues that Judge Greenhaw's review of its decision to deny parole, by way of common-law writ of certiorari, is very narrow in scope — a scope, it argues, that Judge Greenhaw exceeded. It further argues that Judge Greenhaw exceeded her authority by ordering the Board to hold a new parole hearing and file a response within 30 days — doing so would force the Board to violate § 15-22-36(d), Ala. Code 1975.[2] It also argues that, according to statutory law, its records are confidential and privileged and that the Board has no obligation to detail the reasons for its actions unless it grants parole. See §15-22-36(b), Ala. Code 1975.[3]
Judge Greenhaw has responded by stating that she cannot determine whether the Board's ruling was arbitrary or capricious without additional information.[4] Judge Greenhaw stated the following in her first order directing the Board to furnish documents:
 "Respondent contends that pursuant to Ala. Code [1975], § 15-22-36(b), the only public records which can be released are the Board's Order and the *Page 259 
statement of reasons for favoring relief by a member. The Court would note that for many years Respondent has submitted affidavits of board members as evidence that their actions were not capricious or arbitrary. Furthermore, any records that Respondent claims are confidential can always be filed with the Court for an in camera review."
(Judge Greenhaw's July 17, 2002, order.) Judge Greenhaw's final order stated:
 "Respondent has refused to file any supplementary documents or exhibits. Based on the record, the Court still cannot ascertain whether denial of parole on February 5, 2001, was based on false, insufficient or capricious reasons.
 "Wherefore, it is hereby ordered that this matter is remanded to the Alabama Board of Pardons and Paroles to conduct a new parole hearing and file a response within thirty (30) days of the date of the order."
(Judge Greenhaw's July 24, 2002, order.)
Review of the Board's actions by writ of certiorari is more narrow than review by appeal. The appellate courts of this state have often characterized certiorari review as "limited in scope, and ordinarily the courts will only pass on the question of whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary." Ellard v. State,474 So.2d 743, 750 (Ala.Crim.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). See also Johnson v. State, 729 So.2d 897 (Ala.Crim.App. 1997);City of Birmingham v. Personnel Bd. of Jefferson County, 467 So.2d 965
(Ala.Civ.App. 1985); Ferrell v. Langley, 421 So.2d 116 (Ala.Civ.App. 1982). As stated in City of Birmingham:
 "Review by certiorari of an action such as the one at issue is limited to a determination of whether the relevant law was properly applied and whether the ruling is supported by any legal evidence. Ex parte Personnel Board, 440 So.2d 1106 (Ala.Civ.App. 1983). As we have previously held:
 "`When the legislature delegates a discretionary function to an agency to be exercised in light of the agency's special competency, a court frustrates legislative intent and usurps that discretionary role by stepping in when the agency's choice is not clearly unreasonable or arbitrary. See State ex rel. Steele v. Board of Education, 252 Ala. 254, 40 So.2d 689
(1949).'"
467 So.2d at 967.
Section 15-22-26, Ala. Code 1975, contains the standards the Board must apply when considering whether an inmate should be considered for parole. This section states:
 "No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe, but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until he is fully pardoned."
The Alabama Supreme Court has stated that this statute gives the Board total discretion to grant or deny parole. *Page 260 
"Section 15-22-26 is a typical parole statute that gives the parole board total discretion in the granting of paroles." Thompson v. Board ofPardons Paroles, 806 So.2d 374, 375 (Ala. 2001). The Alabama Supreme Court has also held that "[b]ecause the statute provides that parole may be granted at the board's discretion, it does not confer a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Thompson, 806 So.2d at 375. This rationale is also found in § 41-22-3(3), which provides that the Board is not subject to provisions relating to due process at an administrative hearing when it "considers the granting or denial of pardons, paroles or restoration of civil and political rights or remission of fines and forfeitures." Cf. Kirk v. State, 536 So.2d 118,119 (Ala.Crim.App. 1987) ("Although it has been held that parolees do not have a constitutionally protected liberty interest under Alabama's parole statutes, they nevertheless are entitled to a due process hearing when an attempt is made to revoke their parole.").
The Alabama Supreme Court, in Ex parte Board of Pardons Paroles,793 So.2d 774 (Ala. 2000), considered whether the Board had acted arbitrarily and capriciously when it denied a defendant's request for remission of his forfeited bond. The Supreme Court, addressing the scope of review, stated the following:
 "In In re $67,470.00, [901 F.2d 1540 (11th Cir. 1990)], the petitioners sought to recover currency the Drug Enforcement Administration had seized based on probable cause to believe the money had been used in an unlawful narcotics transaction. The United States Court of Appeals for the Eleventh Circuit noted that `federal courts are generally prohibited from reviewing agency forfeiture decisions even where it is alleged that the Secretary abused his discretion.' In re $67,470.00, supra, at 1544. The court held that federal courts have jurisdiction over an agency's forfeiture decision only under narrow circumstances, and it stated two circumstances under which a federal court would have such jurisdiction: (1) the court would have jurisdiction when the agency does not consider a request that it exercise its jurisdiction; and (2) the court may exercise equitable jurisdiction over agency forfeiture decisions under limited circumstances. The court warned that a `decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint.' Id.
 "Section 15-22-36 requires the Board to state its reasons for granting a remission of a forfeiture. The Legislature has not required the Board to detail its reasons for denying a remission of a forfeiture. . . . [A]pplying the same rationale applied by the Eleventh Circuit in In re $67,470.00, we hold that judicial review of the Board's denial of a request for remission of a fine or forfeiture is limited to those situations where the Board has failed to consider a request that it exercise its discretion or where there is justification for the court's exercising its equitable jurisdiction. The Board did not refuse to review Gulf Bonding's request. The second circumstance under which judicial review would be permissible, where there is justification for the court's exercising its equitable jurisdiction, is not applicable in this case."
793 So.2d at 777-78 (footnote omitted). Section 15-22-36, Ala. Code 1975, the same statute the Supreme Court used to reach its result in Exparte Board of Pardons Paroles, is the same statute that governs the Board's decisions on parole. *Page 261 
After reviewing the Supreme Court's decisions in Thompson and Ex parteBoard of Pardons Paroles, we question whether the Board's rulings denying parole are reviewable by a higher tribunal; especially given the Supreme Court's language in Thompson to the effect that the Board's parole decisions are totally discretionary. Cf. Alderman v. State,615 So.2d 640 (Ala.Crim.App. 1992) (the original grant or denial of probation is not reviewable on appeal because it is within the total discretion of the trial court).
We recognize that there are certain instances when an inmate may establish that the Board's ruling was "arbitrary and capricious." InMonroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991), the United States Court of Appeals for the Eleventh Circuit held that the Board's reliance on admittedly false information to deny parole was arbitrary and capricious. We have followed the holding in Monroe v. Thigpen. See Hillv. State, 594 So.2d 246 (Ala.Crim.App. 1992). However, we have also held that mere allegations in a petition for a writ of certiorari that the Board relied on false information are not sufficient. "[P]risoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration." Monroe v.Thigpen, 932 F.2d at 1442. See also Slocum v. Georgia Bd. of Pardons Paroles, 678 F.2d 940, 942 (11th Cir.), cert. denied, 459 U.S. 1043
(1982).
In Strong v. Alabama Board of Pardons Paroles, [Ms. CR-00-2212, November 30, 2001] ___ So.2d ___ (Ala.Crim.App. 2001), we considered an allegation that the Board relied on false information concerning escapes to deny Strong parole. Strong attached an affidavit to his certiorari petition that stated that a friend who was present at the parole hearing told him that the Board "made reference to the escapes when it denied Strong's parole." ___ So.2d at ___. We remanded the case for the circuit court to consider the merits of this allegation. The Board never refuted this allegation, the circuit court considered Strong's allegation to be true, and the circuit court ordered that the Board hold a new parole hearing. We affirmed the trial court's actions. Strong v. Alabama Boardof Pardons Paroles, [Ms. CR-00-2212, August 30, 2002] ___ So.2d ___ (Ala.Crim.App. 2002). Strong is distinguishable from this case.
Here, not only did Henley fail to allege in his certiorari petition that the Board relied on false information, there is no evidence that the Board relied on false information nor any admission by a Board member that false information was used to deny Henley parole. Therefore, this case is not governed by the Monroe exception.
Regardless of what standard of review should be used in reviewing a certiorari petition attacking the Board's denial of parole, it is clear, based on a review of the applicable statutes and caselaw, that Judge Greenhaw exceeded her jurisdiction.
Judge Greenhaw first directed the Board to produce certain documents in support of its actions. The Board argues that this order directed it to violate § 15-22-36(b), Ala. Code 1975. The Alabama Supreme Court inEx parte Alabama Board of Pardons Paroles, 814 So.2d 870 (Ala. 2001), issued a writ of mandamus directing a lower court to rescind its order directing the Board to disclose certain records to a grand jury. The Supreme Court stated the following concerning § 15-22-36(b):
 "Principles of statutory construction bind this Court to interpret plain language of a statute `to mean exactly what it says' and to engage in judicial construction only if the language in the statute is ambiguous. Ex parte *Page 262 Alabama Great Southern R.R., 788 So.2d 886, 889 (Ala. 2000), quoting Blue Cross Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala. 1998). The Legislature stated in § 15-22-36(b), Ala. Code 1975, with specificity and particularity, that `all other portions of the file shall be privileged.' A plain reading of the statute indicates that the Legislature created an absolute privilege to provide individuals and entities an unfettered opportunity to provide information to the Board, without exposing the individuals and entities to public scrutiny and potential retaliation. To hold otherwise, this Court would have to engage in improper judicial construction.
". . . .
 "Section 15-22-36(b), Ala. Code 1975, clearly and unambiguously establishes an absolute privilege that the Board is legally bound to obey and the circuit court is under a duty to uphold."
814 So.2d at 872-73. The Board's argument is consistent with the Supreme Court's ruling in the above-quoted case.
Judge Greenhaw also directed the Board to hold a new parole hearing and file a response within 30 days. Given the provisions in § 15-22-36(d), this directive would be impossible to accomplish. Section 15-22-36(d), states:
 "(d) The Board of Pardons and Paroles shall have no power to grant a pardon, order a parole, remit a fine or forfeiture or restore civil and political rights until 30 days' written notice that the prisoner is being considered therefor has been given by the board to the Attorney General, the judge and the district attorney who tried the subject's case, the chief of police in the city in which the crime occurred, if the crime was committed in a city, and to the sheriff of the county where convicted, and to the same officials of the county where the crime occurred if different from the county of conviction; provided, however, that if they are dead or not serving, such notice shall be given to the district attorney, incumbent sheriff and one of the judges of the circuit in which the subject was convicted."
It appears that Judge Greenhaw's order directed the Board to violate § 15-22-36(d).
According to the above-referenced statutes and caselaw, Henley was not entitled to the relief he requested in his petition for a writ of certiorari. It further appears that Judge Greenhaw exceeded her authority under the limited scope of certiorari review. Henley was not entitled to review the Board's files, nor was he entitled to a statement of the reasons parole was denied at his latest parole hearing. This was all the relief that Henley requested in his petition for a writ of certiorari.
Based on the reasons stated above this petition is due to be, and is hereby, granted. Judge Greenhaw is directed to vacate her July 24, 2002, order.
PETITION GRANTED; WRIT ISSUED.
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] Henley, in his petition for a writ of certiorari, stated that he was seeking the following as relief:
"The petitioner seeks as relief as follows:
 "(a) that petitioner be provided with a copy of all paper(s) [and] that petitioner be given in writing just reason(s) and cause(s) as to why petitioner was denied parole on or about the 5th day of February 2001. . . ."
[2] This section provides that the Board must give all interested parties 30 days' advance notice of the hearing date.
[3] This section states:
 "(b) Each member of the Board of Pardons and Paroles favoring a pardon, parole, remission of a fine or forfeiture or restoration of civil and political rights shall enter in the file his reasons in detail, which entry and the order shall be public records, but all other portions of the file shall be privileged."
[4] It appears that at Henley's parole hearing in 2000 two Board members voted to grant Henley parole; however, their votes were rescinded before Henley was being released. As the United States Supreme Court stated in Jago v. Van Curen, 454 U.S. 14 (1981):
 "We do not doubt that respondent suffered `grievous loss' upon OAPA's [Ohio Adult Parole Authority] rescission of his parole. But we have previously `reject[ed] . . . the notion that any grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause.' Meachum v. Fano, 427 U.S. 215, 224 (1976). In this case, as in our previous cases, `[t]he question is not merely the "weight" of the individual's interest, but whether the nature of the interest is one within the contemplation of the "liberty or property language of the Fourteenth Amendment.'" Morrissey v. Brewer, 408 U.S. 471, 481 (1972). We hold that the Court of Appeals erred in finding a constitutionally protected liberty interest by reliance upon the `mutually explicit understandings' language of Perry v. Sindermann, [408 U.S. 593
(1972)]."
454 U.S. at 17. We have followed the holding in Jago. See Barnhart v.State, 686 So.2d 552 (Ala.Crim.App. 1996). *Page 900